# Richmond

## THE SOUTH HILL PRODUCTION CREDIT ASSOCIATION, ETC. v. GRACIE V. HUDSON.

January 8, 1940.

Record No. 2131.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*W. E. Neblett* and *Peyton G. Jefferson,* for the appellant.

*W. Henry Cook,* for the appellee.

BROWNING, J., delivered the opinion of the court.

The South Hill Production Credit Association, the appellant, which will subsequently be referred to as the association, loaned to Gracie V. Hudson, the appellee, who will hereafter be so referred to, a certain sum of money and to secure the said loan the appellee executed a note therefor in favor of the association which was secured by a deed of trust, conveying to a trustee certain personal property. The articles which are allowed to a householder, while engaged in agriculture, exempted from levy or distress, are included in the deed of trust.

Default was made by the appellee in the payment of the note and the trustee advertised the property for sale under the terms of the deed of trust. The appellee secured an injunction from the circuit court of Lunenburg county, Virginia, on September 24, 1938, which was made permanent by a subsequent decree, the trial court holding that the articles mentioned in section 6553 of the Code were exempt from sale under the deed of trust.

Incidentally, the court found that the value of the articles in the deed of trust, covered by the Code section referred to, was in excess of the amount necessary to give this court jurisdiction, and that matter is not in issue.

It is conceded that the sole matter with which we are concerned is the construction of section 6553 of the Code. It is admitted that the appellee was, at the time of the execution of the deed of trust, actually engaged in the business of agriculture and that she was a householder.

We are not concerned with what is known as the "Homestead Exemption," which is the subject of section 6531 of the Code. Section 6548, which provides for waiver of the above exemption, is also apart from our inquiry, except as its working may present an analogy to the issue here.

Section 6552 of the Code provides for what is known as the "poor debtor's exemption," and it enumerates the specific articles which a householder shall be entitled to hold exempt from levy or distress, and it also states the alternate value in money of certain of the exempted articles.

Section 6553 of the Code provides for the exemption of additional articles to a householder while engaged in agriculture.

Section 6564 is as follows:

"Every deed of trust, mortgage, or other writing, or pledge made by a householder to give a lien on property exempt from distress or levy under section 6552 shall be void as to such property."

The appellee urges that under the last named section the deed of trust executed by her conveying articles embraced in section 6553 is void; that, although section 6553 is not specifically mentioned in section 6564, it is by inference so allied to section 6552, as to prompt the strongest implication that by legislative intention it is embraced within the meaning of section 6564; that the opposing view is narrow and constricted and, if adopted, would defeat the purpose of the statute; that the statute is a remedial one and must be liberally construed.

■ These contentions impress us as being sound and in harmony with the law.

■ We find in Black's Law Dictionary, 3rd Ed., pages 412 and 413, an admirable statement of the subject of construction. It is this:

"Construction. The process, or the art, of determining the sense, real meaning, or proper explanation of obscure or ambiguous terms or provisions in a statute, written instrument, or oral agreement, or the application of such subject to the case in question, by reasoning in the light derived from extraneous connected circumstances or laws or writing bearing upon the same or a connected matter; or by seeking and applying the probable aim and purpose of the provision."

See also, *Koy* v. *Schneider*, 110 Tex. 369, 218 S. W. 479, 221 S. W. 880, 884.

■ In drawing the distinction between strict and liberal construction, the learned author says:

"Liberal (or equitable) construction, on the other hand, expands the meaning of the statute to meet cases which are clearly within the spirit or reason of the law, or within the evil which it was designed to remedy, provided such an interpretation is not inconsistent with the language used; it resolves all reasonable doubts in favor of the applicability of the statute to the particular case."

In *Brown's Committee* v. *Western State Hospital*, 110 Va. 321, 66 S. E. 48, this court said:

"The effect of the statute was, as intended, to exempt the entire estate of a lunatic from sale, levy or charge for his support in an asylum or hospital for the insane citizens of the State, and not merely a part thereof.

■ " 'A statute exempting property from levy or sale is not to be construed strictly, but to carry out the obvious intent of the lawmaker.' *Washburn* v. *Goodheart*, 88 Ill. 229, 13 L. R. A. 719; note 23 Am. & Eng. Ency. L. 399, and note 45 Am. Dec. 252."

In the case of *Atlantic Life Insurance Co.* v. *Ring*, 167 Va. 121, 187 S. E. 449, 106 A. L. R. 1064, this court said,

through Mr. Justice Gregory, in construing section 4219 of the Code, which provides for the exemption of sick benefit payments in favor of a policy holder, from being subject to the lien of attachment and garnishment proceedings, or any character of levy or distress, for any debt due by the policy holder:

"We are of opinion that the legislative intent was to exempt such payments or benefits to one entitled thereto from all claims of creditors."

It may be said in explanation of the above citation that the insurance company claimed a set-off and contended that the quoted section did not in express terms deny the right of set-off.

See also, the case of *Cleveland* v. *McCanna*, 7 N. D. 455, 75 N. W. 908, 910, 41 L. R. A. 852, 66 Am. St. Rep. 670.

It seems needless to say more. In our opinion the trial court construed correctly section 6553 of the Code, and accordingly we affirm the decree.

*Affirmed.*

HUDGINS and SPRATLEY, JJ., dissenting.