**Minnie Byrd OGLESBY,**
**Plaintiff-Appellant,**

**v.**

**BLAZER FINANCIAL SERVICES, INC.,**
**Defendant-Appellee.**

**No. 79–1778.**

United States Court of Appeals,
Fifth Circuit.

July 30, 1980.

Ralph Goldberg, Atlanta, Ga., for plaintiff-appellant.

McClain, Mellen, Bowling & Hickman, Arthur Gregory, John B. Gamble, Jr., Atlanta, Ga., J. Valdes-Cugat, Coral Gables, Fla., for defendant-appellee.

Before COLEMAN, Chief Judge, RONEY and GARZA, Circuit Judges.

RONEY, Circuit Judge:

This case involves the question of whether the defendant lender properly disclosed under the Truth in Lending Act (TILA) its security interest in certain household goods and the limitation under Georgia law on its claim of future indebtedness security. Agreeing with the district court that *first*, the lender did not claim a security interest in certain household goods, as alleged, and fully disclosed the security interest it claimed in other household goods, and *second*, since Georgia law does not clearly prohibit and possibly supports the security interest claimed for future indebtedness, the lender could properly claim that interest without suggesting the possible invalidity of the claim, we affirm the judgment for the lender.

Minnie Byrd Oglesby borrowed money from Blazer Financial Services, Inc. (Blazer) on November 29, 1976, to refinance a prior loan. On October 5, 1977, she filed a complaint alleging that Blazer violated the Truth in Lending Act, 15 U.S.C.A. §§ 1601–1667e, because the loan agreement did not contain required disclosures. Adopting the magistrate's report and recommendation with some modification, the district court granted summary judgment in Blazer's favor. Oglesby appeals the district court's decision to this Court arguing that Blazer violated TILA and Regulation Z, 12 C.F.R. §§ 226.1–226.15 (1979).

### Security in Household Goods

Oglesby had borrowed money on two prior occasions: June 17, 1974, and September 22, 1975. When the 1974 agreement was executed she lived on East Tupelo Street; when the 1975 agreement was executed she lived on Foxhall Lane; and when the 1976 agreement was signed she lived on Chandler Road. Each loan granted Blazer a security interest in the "furniture, appliances and other household goods and chattels located in or about Debtor's residence at the address shown above." Her complaint alleged a failure to disclose Blazer's security interest in household effects left at the Tupelo Street residence.

Oglesby argues that since the security interest created by the 1974 agreement applied to "any future advances to the undersigned," Blazer was obligated to disclose that security interest in the 1976 agreement. Blazer disclaims any interest in household goods left at the Tupelo address. It maintains that it relinquished the June 1974 security when the September 1975 agreement was made and had no security interest in the Tupelo Street property when the November 1976 note was executed.

The language of the 1976 agreement supports Blazer's contention. It grants Blazer a security interest only in household goods "located in or about Debtor's residence at the address shown above," 22 Chandler Road. The 1976 loan was a refinancing of the 1975 loan, from which Oglesby was released, and the 1975 loan in turn refinanced the 1974 loan and released Oglesby from that obligation.

Blazer was not required to disclose in the 1976 agreement a security interest in the household goods at the Tupelo Street ad-

dress because it neither claimed nor had any security interest in them. Blazer therefore did not violate Regulation Z, § 226.8(b)(5), which requires disclosure of the type of security interest to be retained by the creditor and "a clear identification of the property to which the security interest relates."[1]

### Security for Future Indebtedness

■ The security instrument claimed the same security for any future indebtedness of Oglesby to Blazer. Oglesby claims that Blazer violated Regulation Z, § 226.6(c) by failing to disclose a Georgia law limitation on a creditor's right to obtain security for future indebtedness contained in regulation 120–1–14–.13, Rules of the Comptroller General, promulgated under the Georgia Industrial Loan Act, Ga.Code Ann. § 25–306. The regulation reads:

> When the consumer is indebted to a particular creditor for two or more consumer loans, any security interest held by such creditor for any particular loan shall be discharged when the loan for which the security interest is held is paid irrespective of indebtedness to the creditor by the consumer on other outstanding consumer loans. As a general rule, security interests in terms of property shall terminate as the debt originally incurred with respect to each item is paid and in the case of the consolidation of two or more consumer loans or any circumstances in which the general rule is not followed, the creditor may be required by the Commissioner to show that his conduct with respect to such loan transactions was just, fair and reasonable. For the purposes of

this Regulation, the renewal of a consumer loan shall not be deemed to be payment thereof.

Oglesby argues that this state regulation imposes a state law limitation on Blazer's right to secure future advances so that it claimed more security interest than it could legally assert. She says that since Blazer's disclosure was an incorrect statement of Blazer's rights it violated Regulation Z, § 226.6(c).[2]

■ Blazer initially contends that Oglesby has waived any right to raise this issue on appeal by failing to properly object in the district court to the magistrate's recommendation on this point. The district court did not specifically address the future indebtedness claim in its order but did adopt the magistrate's report and recommendation as the order and opinion of the court with modifications not relevant to this issue. In light of this, and inasmuch as Oglesby did incorporate the issue in her objection by reference to a previous objection to the magistrate's recommendation, we shall treat it on appeal.

Blazer contends that regulation 120–1–14–.13 is not a legal limitation on its right to secure future indebtedness but is at most only a guideline. Such a limitation, Blazer asserts, would invalidly contravene Ga.Code Ann. § 109A–9–204(3), which provides that "[o]bligations covered by a security agreement may include future advances." Blazer cites two district court cases to support its interpretation of the regulation. *Jones v. Blazer Financial Services, Inc.*, No. C76–593A (N.D.Ga. Aug. 18, 1977); *Davis v. Kennesaw Finance Co.*, No. C76–1481A (N.D.Ga. Feb. 2, 1977). Whether these deci-

---

1. Regulation Z, § 226.8(b) provides in part:

   In any transaction subject to this section, the following items, as applicable, shall be disclosed:

   .  .  .  .  .

   (5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may

   acquire a security interest in such property which the creditor is unable to identify. . .
   12 C.F.R. § 226.8(b) (1979).

2. Regulation Z, § 226.6(c) provides in part:

   At the creditor's or lessor's option, additional information or explanations may be supplied with any disclosure required by the part, but none shall be stated, utilized or placed so as to mislead or confuse the customer or lessee or contradict, obscure, or detract attention from the information required by the part to be disclosed.
   12 C.F.R. § 226.6(c) (1979).

sions accurately reflect Georgia law is unclear since a federal court cannot make a binding judgment on a question of state law and to our knowledge no Georgia court has definitively interpreted regulation 120–1–14–.13.

■ Because Blazer claims a right to secure future advances and under the Georgia statute it is not at all clear that the Comptroller's regulation limits that right, Blazer's failure to disclose the regulation was not a violation of Regulation Z. TILA does not require a creditor to disclose every potential or questionable state law defense to rights claimed in the loan agreement, especially when that defense has been expressly negated by prior court decision, albeit not courts of ultimate authority.

In light of this holding, we need not address whether, if there were a definitive state law limitation on the security claimed, it would have to be disclosed under Regulation Z. It is unnecessary in this case to resolve any conflicts which might exist between this Court's decision in *Penniño v. Morris Kirschman & Co.*, 526 F.2d 367 (5th Cir.1976), and its decision in *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1976), *cert. denied*, 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1978).

AFFIRMED.