**Lucy W. FOX, Appellee,**

v.

**HEILIG–MEYERS COMPANY, Appellant.**

**No. 81–2054.**

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1982.

Decided June 10, 1982.

(1981).

Rosewell Page III, Richmond, Va. (Joseph L. S. St. Amant, Leroy R. Hassell, McGuire, Woods & Battle, Richmond, Va., on brief), for appellant.

Eugene Murphy, Neighborhood Legal Aid Society, Inc., Richmond, Va., for appellee.

Before RUSSELL and PHILLIPS, Circuit Judges, and ROBERT D. POTTER, United States District Judge for the Western District of North Carolina, sitting by designation.

DONALD RUSSELL, Circuit Judge:

Plaintiff Lucy W. Fox brought suit against Heilig-Meyers Company, alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601–1667e, and Regulation Z, 12 C.F.R. pt. 226. In her motion for summary judgment, Fox abandoned all of her claims except that asserting disclosure of misleading or confusing additional information in violation of 12 C.F.R. section 226.6(c). After the trial court granted the plaintiff's motion and entered judgment in her favor in the amount of $675.80 plus $500.00 in attorney's fees, Heilig-Meyers filed this appeal.

On July 23, 1980, the parties executed an "Installment Consumer Credit Sale and Security Agreement." The relevant terms of the agreement are printed on both sides of a one-page document. On the front side, in addition to the required numerical disclosures, is a "Notice to Buyer" that failure to pay an installment within ten days of its due date entitled Heilig-Meyers to "declare the entire unpaid balance immediately due and payable." On the reverse side of the document, this acceleration clause is incor-

porated by reference and stated first in a list of remedies available to the seller upon default.[1] Listed second is the seller's right to repossess. At the center of the instant dispute is the seller's failure to disclose in conjunction with the statement of its right to repossess that; as provided in section 11–4.3 of the Virginia Code, repossession is not permitted if payment of an installment is made within ten days of the due date.

 Regulation Z does not generally require creditors to disclose provisions of state law. If, however, a creditor chooses to disclose such "additional information," the information must be supplied in conformity with section 226.6(c). Section 226.6(c) provides as follows:

> At the creditors option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or contradict, obscure, or detract attention from the information required by this part to be disclosed.

The plaintiff contends that the disclosure of the seller's right of repossession without identifying the limitation of a ten-day grace period constitutes an inaccurate description of state law that is misleading or confusing within the meaning of section 226.6(c). While we agree with the plaintiff that no reasonable reading of the default remedies as listed reveals the ten-day limitation on repossession, we cannot agree that Regulation Z has been violated.

The intended and proper thrust of section 226.6 is to assure clear and conspicuous disclosure of the information required to be disclosed by the whole of part 226 and the Truth in Lending Act itself. *See* 12 C.F.R. § 226.6(a); 15 U.S.C. § 1631(a). Consequently, we interpret section 226.6(c) to proscribe a presentation of additional information that "mislead[s] or confuse[s] the customer" in his understanding of "the information required by this part to be disclosed." What is stated in the credit agree-

ment in this case concerning the seller's right to repossess is not required to be disclosed by either part 226 or the Truth in Lending Act itself and does not mislead or confuse with respect to information that is required to be disclosed.

 Furthermore, recognizing that the purpose of the Truth in Lending Act is to help the consumer "avoid the uninformed use of credit," 15 U.S.C. § 1601, we note that the failure to disclose the ten-day grace period did not inure to the detriment of the plaintiff. Given Virginia's statutory limitation on repossession, the plaintiff's actual credit terms are more favorable than those expressly stated in the agreement. Plaintiff obtained a better deal than the one she apparently bargained for. The purpose of the Act and simple notions of fairness preclude her translation of that better deal into a Truth in Lending violation.

Accordingly, the judgment appealed from is vacated, and the case is remanded to the district court for entry of judgment in favor of the defendant.

VACATED and REMANDED.

---

1. The agreement provides that the "Buyer shall be in default under this contract upon ... [d]efault or breach of any warranty, covenant or liability or in the payment of any obligation contained or referred to herein."