Yvonne REID, et al., Plaintiff,

v.

FINANCE ONE OF VIRGINIA, INC., Defendant.

C.A. No. 82–0592–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

April 4, 1983.

John M.A. DiPippa, Legal Aid Society of Rke. Valley, Lexington, Va., for plaintiff.

Jack E. McClard, Hunton & Williams, Richmond, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

The issue before the court is whether plaintiff's complaint alleging that defendant disclosed a security interest which is void under Virginia's poor debtor's exemption statute states a claim for which relief can be granted under the Truth In Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.,* and the regulation promulgated thereto (Regulation Z), 12 C.F.R. §§ 226 *et seq.* The court holds that plaintiff's complaint does not state an actionable claim because a security interest in the kinds of goods that are listed in Virginia's poor debtor's exemption statute is not automatically void, and because a creditor is not required to disclose that its security interest may be limited under state exemption law.

### I.

Plaintiff Yvonne B. Reid entered into a consumer credit transaction with defendant Finance One of Virginia, Inc. on August 27, 1981. Defendant obtained a non-purchase money security interest in the following items:

1) bedroom suite; 2) chest of drawers; 3) chest; 4) coffee table; 5) end table; 6) black and white T.V.; 7) dining table; 8) single bed; 9) gas stove; 10) refrigerator; 11) carpet; 12) flute; and 13) diamond ring.

A financing statement reflecting defendant's security interest was filed with the Clerk of the Circuit Court of Alleghany County.

On August 19, 1982, plaintiff filed a complaint alleging that defendant violated the TILA and Regulation Z by disclosing a security interest which is void under state law. Defendant subsequently filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The parties have submitted briefs in support of their respective positions and the court heard argument on February 22, 1983. For the reasons set forth below, the court will grant defendant's motion.

### II.

An essential underpinning of plaintiff's claim is her contention that defendant's security interest in some of plaintiff's household goods is void under Virginia's poor debtor's exemption statute. *See* Va.Code §§ 34–26 *et seq.* (1976 Repl.Vol. & 1982 Cum.Supp.). This statute provides in part that "[e]very ... writing made by a householder to give a lien on property exempt from distress or levy under § 34–26 shall be void as to such property; provided that this section shall have no application to property covered by a ... writing ... given ... to secure a loan made for the purchase thereof." Va.Code § 34–28 (1976 Repl.Vol.). In turn, section 34–26 provides that in addition to the homestead exemption, every householder shall

be entitled to hold exempt from levy or distress the following articles ... to be selected by him ...:

. . . . .

(1a) Wedding and engagement rings.

. . . . .

(4) [A]ll beds ... necessary for the use of [the debtor and his family], two ... chests of drawers ...; carpets ...; and all stoves and appendages kept for the use of the family not exceeding three. (5) [O]ne table ...; one dining room table [and] one ... refrigerator of any construction ....

No officer or other person shall levy or distrain upon, or attach, such articles, or otherwise seek to subject such articles to any lien or process.

Plaintiff apparently reasons that defendant's non-purchase money security interest is automatically void under section 34–28 because the security interest includes certain household goods which may be exempt under section 34–26. This reasoning is inconsistent with the plain language of the statute, however.

Section 34–28 does not void every lien on property "listed" or "subject to exemption" under section 34–26. Instead, a lien is void under the section 34–28 only if given on property "exempt from distress or levy under § 34–26." Section 34–26 provides that a householder is *"entitled* to hold exempt ... the following articles ... *to be selected by him* ..." (emphasis added). This language indicates that a householder must select the items that are to be exempt in order for the exemption to exist. *See In re Dardar,* 3 B.R. 641 (Bkrtcy.E.D.Va.1980).

Moreover, as the quoted portion of the statute reveals, section 34–26 does not exempt all household items. The statute instead establishes specific limitations on the household items which may be claimed as exempt, such as "one" refrigerator and all beds "necessary for the use of such family." These limitations support the interpretation that a non-purchase money security interest in household goods is not void until after the householder selects the particular items he desires to hold exempt.

Contrary to plaintiff's assertion, *South Hill Production Credit Association v. Hudson,* 174 Va. 284, 6 S.E.2d 668 (1940), does not support the proposition that section 34–28 automatically voids every lien on property that may be exempted under section 34–26. The Virginia Supreme Court there affirmed the trial court's holding that certain agricultural articles mentioned in section 6553 (now section 34–27) were exempt from sale under a deed of trust which included those articles, even though section 6564 (now section 34–28) did not specifically mention section 6553. There is nothing in *Hudson* which suggests that the entire deed of trust was void because it included agricultural articles that could be exempted. Rather, *Hudson* supports defendant's contention that its security interest is void as to those items included in section 34–26 only if plaintiff chooses to exempt those items.

 In summary, the court concludes that the poor debtor's exemption statute does not automatically void any non-purchase money security interest in household goods that a householder is entitled to exempt under section 34–26. Rather, the statute's plain language reveals that a debtor must select the particular household items to be exempt under section 34–26 before a lien on such items becomes void under section 34–28. The court thus holds that defendant's disclosure of its security interest in some of plaintiff's household goods did not violate the TILA and Regulation Z because the description of the security interest accurately reflects a type of security interest that may be acquired under state law. Accordingly, the theory of recovery advanced in plaintiff's complaint fails to state an actionable claim under the TILA and Regulation Z.

 Nor is plaintiff entitled to relief under the theory that defendant violated the TILA and Regulation Z by failing to disclose that its security interest may be limited by the poor debtor's exemption statute.

The purpose of the TILA is to assure a "meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit ...." 15 U.S.C. § 1601(a). The TILA and Regulation Z thus specify certain information which must be disclosed in con-

nection with consumer credit transactions. Among the information which the original TILA required a creditor to disclose in a closed-end credit transaction is "[a] description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates." 15 U.S.C. § 1638(a)(10); *see also* 12 C.F.R. § 226.-8(b)(5). The original Regulation Z defined a "security interest" as "any interest in property which secures payment or performance of an obligation [including, but] not limited to, security interests under the Uniform Commercial Code ...." 12 C.F.R. § 226.2(gg).

In 1980, Congress passed the Truth in Lending Simplification and Reform Act, P.L. 96–221, Title VI, §§ 601 *et seq.*, 94 Stat. 168, which substantially amended the original TILA. As amended, the TILA requires a creditor to disclose to the consumer "[w]here the credit is secured, a statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by item or type." 15 U.S.C. § 1638(a)(9); *see also* 12 C.F.R. § 226.-18(m). And the amended Regulation Z defines a "security interest," in part, as "an interest in property that secures performance of a consumer credit obligation and that is recognized by state or federal law." 12 C.F.R. § 226.2(a)(25). Compliance with the amended TILA and Regulation Z was optional before October 1, 1982. It is unclear at this point, however, whether defendant opted to comply with the amended TILA and Regulation Z.

In any event, defendant's "Statement of Disclosure" informed plaintiff that her loan was secured by a security agreement under the Uniform Commercial Code in certain clearly identified household goods. Under Virginia's Uniform Commercial Code, a security interest may be taken in "consumer goods," that is, "those goods that are used or bought for use primarily for personal, family or household purposes ...." Va. Code § 8.9–109(1) (1965 Add.Vol.). Thus,

the allegations in the complaint reveal that defendant fully complied with the express disclosure requirements of both the original and amended TILA and Regulation Z.

The court's decision that plaintiff's complaint fails to state a claim is not changed by cases holding that Regulation Z requires a creditor to disclose that a security interest taken in after-acquired property is limited under state law to goods obtained within ten days after the creditor gave value. *See Brown v. Termplan, Inc., of East Atlanta*, 693 F.2d 1047 (11th Cir.1982); *Franklin v. Community Federal Savings and Loan Association*, 629 F.2d 514 (8th Cir.1980); *Basham v. Finance America Corp.* 583 F.2d 918 (7th Cir.1978), *cert. denied*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979); *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir.1976), *reh. denied*, 552 F.2d 1142 (5th Cir.1977), *cert. denied*, 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977); *see generally* Annot., 32 A.L.R.Fed. 863 (1977); *but see Montoya v. Postal Credit Union*, 630 F.2d 745 (10th Cir.1980). The holdings in these decisions were specifically based on a section of the original Regulation Z which provided that "[i]f after-acquired property will be subject to the security interest ..., this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired." 12 C.F.R. § 226.-8(b)(5).

This section was deleted effective October 1, 1982, however. *See* Official Staff Commentary to 12 C.F.R. § 226.2(a)(25), 47 Fed.Reg. 41338, 41343 (1982). But even before the section was deleted, the United States Court of Appeals for the Fifth Circuit declined to apply the reasoning in cases involving after-acquired property to actions involving the general requirement of a description or identification of the type of security interest. In *Elzea v. National Bank of Georgia*, 570 F.2d 1248 (5th Cir. 1978), the court held that a creditor's identification of the type of security interest was adequate even though the creditor failed to mention that the security interest was void under state law as to the debtor's clothes

and $300 worth of household furniture. In rejecting the debtor's assertion that *Pollock, supra,* supported the proposition that the TILA required disclosure of the state statutory limitation on the security interest, the court noted that "*Pollock* ... dealt with a different clause in the relevant section of Regulation Z. That clause expressly concerned after-acquired property; it was not the general clause requiring a description or identification of the type of security interest." 570 F.2d at 1251.

Similarly, in *Pennino v. Morris Kirschman & Co., Inc.,* 526 F.2d 367 (5th Cir.1976), the court rejected a debtor's argument that the TILA was violated by a disclosure statement which contained terms that violated state law concerning finance charges. The court instead agreed with the district court's holding that the TILA "does not require a creditor to narrate the law of the forum state, but requires simply a meaningful disclosure of the credit terms he intends to charge." *Id.* at 371; *see Oglesby v. Blazer Financial Services, Inc.,* 622 F.2d 779, 782 (5th Cir.1980) (TILA does not require creditor to disclose every potential state law defense to rights claimed under loan agreement); *Pinkett v. Credithrift of America Inc.,* 430 F.Supp. 113, 117 (N.D.Ga. 1977) (TILA "does not give consumer the right to know all the creditor's rights and duties under state law").

This court is likewise of the opinion that, in the context of this case, the TILA and Regulation Z require only that the creditor describe the security interest he claims. "Again, we are concerned with the *description* of the security interest. That is what the Act and the regulation focus upon.... The state law limitations on that security interest, and the legal consequences under different circumstances, are quite a different matter." *Montoya,* 630 F.2d at 748.

The decision in *Fox v. Heilig-Meyers Co.,* 681 F.2d 212 (4th Cir.1982), further supports the court's conclusion that plaintiff's com-

plaint fails to state a claim under the TILA and Regulation Z. In *Fox,* the district court had found that a creditor violated the TILA by making an optional disclosure of its right to repossess without mentioning the state law ten day grace period. In reversing and remanding for entry of judgment for the creditor, the Fourth Circuit held that the failure to disclose the ten day grace period did not violate 12 C.F.R. § 226.6(c) because such failure did not confuse or mislead the debtor with regard to a required disclosure in that the TILA did not require the right to repossess to be disclosed. *Id.* at 214. The court also emphasized that, in light of the TILA's purpose, the failure to disclose the ten day limitation did not harm the debtor because the actual credit terms were more favorable than those stated in the loan agreement. "Plaintiff obtained a better deal than the one she apparently bargained for. The purpose of the Act and simple notions of fairness preclude her translation of that better deal into a Truth in Lending violation." *Id.*[1]

In this case, plaintiff has potentially received a "better deal than the one she apparently bargained for." Although plaintiff intended for her loan to be secured by her household goods, she is entitled to exempt at least some of those goods. The court thus holds that notions of fairness and the purpose of the TILA preclude plaintiff from translating defendant's failure to disclose a possible state law limitation on its security interest into a violation of the TILA.

Therefore, the court will grant defendant's motion to dismiss for failure to state a claim in an order to be entered this day.

1. *Fox* implicitly overrules the holding in *Veney v. First Virginia Bank-Colonial,* 535 F.Supp. 181 (1982), that the disclosure of an absolute acceleration right without mentioning the state law ten day grace period was potentially a violation of the TILA.