## SEPMEIER, et al. v. TALLAHASSEE DEMOCRAT, INC., et al.
Case No. 83-1924
Second Judicial Circuit, Leon County
February 2, 1984

C. Bette Wimbish, for plaintiffs.

Michael J. Glazer and C. Gary Williams, Ausley, McMullen, McGehee, Carothers & Proctor, for defendant, Tallahassee Democrat, Inc.

JOHN A. RUDD, SR., Circuit Judge.

THIS CAUSE is before the Court on the Motion to Strike and to Dismiss filed by all Defendants and the Motion to Strike as Sham filed by Defendant, Tallahassee Democrat, Inc. This Court, having considered

the Complaint and the exhibits attached thereto, the Motions filed by Defendants, the memoranda of law and extensive oral arguments presented by the parties, and being otherwise fully advised in the premises, finds as follows.

On May 20, 1983, a column appeared in the *Tallahassee Democrat* under the heading: "Leathergrams: Agony Without The Ecstasy." In part, the column is about a message delivery service offered by Plaintiffs.

On May 21, 1983, a letter to the editor regarding the Leathergram service appeared in the *Tallahassee Democrat*.

Plaintiff, Fantasy Dancers, Inc. ("FDI") owns and delivers the Leathergram service. Plaintiff, Faye F. Sepmeier is the president of FDI. Plaintiff, Charles William Sepmeier is the manager of FDI and the husband of Faye Sepmeier. Plaintiffs filed a five count Complaint against The Tallahassee Democrat, Inc. and its publisher, executive editor, managing editor, editorial page editor and Mary Ann Lindley, the columnist who authored the May 20, 1983 column. Four counts of the Complaint allege that certain portions of the column and the letter are libelous. The remaining count alleges that Defendants have infringed FDI's registered service mark.

Defendants counter that, as a matter of law, both articles are privileged expressions of pure opinion and cannot be the basis for a libel suit.

The privilege accorded to expressions of opinion is well-rooted in this country. In what has become one of the most common quotations in the law of libel, the U.S. Supreme court in *Gertz v. Welch* 418 U.S. 323 (1974) held:

> Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.

*Id.* at 339,340.

This privilege is also well-established by decisions of the Florida courts. *See, e.g., Coleman v. Collins*, 384 So.2d 229 (Fla. 5th DCA 1980); *Palm Beach Newspapers, Inc. v. Early*, 334 So.2d 50 (Fla. 4th DCA 1976), *cert. denied*, 354 So.2d 351 (Fla. 1977), *cert. denied*, 439 U.S. 910 (1978).

The First District Court of Appeal has recognized a distinction between pure expression of opinion and mixed expression of opinion. In *Smith v. Taylor County Publishing Company, Inc.*, 443 So.2d

1042 (Fla. 1st DCA 1983); 9 F.L.W. 77, the Court explained this distinction as follows:

> Although pure expression of opinion is constitutionally protected, mixed expression of opinion is not. Pure expression of opinion exists when an article expressing an opinion is published and sets forth, in the article, the facts on which the opinion is based or when the parties to the communication are aware of the facts or assume their existence and the opinion is clearly based on those facts. Mixed expression of opinion exists when a published statement containing an opinion is made and is not based on facts set forth in the article, or assumed facts and, therefore, implies the existence of some other undisclosed facts on which the opinion is based. Restatement (Second) of Torts, Section 566, pp. 171173; 400 So.2d at 57.

In the complaint, appellants alleged that the "column" was published with actual malice and contained certain false defamatory statements. In *From* the court stated that in order to determine whether an allegedly defamatory statement is actionable it must be analyzed in terms of the test enunciated in *Information Control Corp. v. Genesis One Computer Corp.*, 622 F.2d 781 (9th Cir. 1980):

> In sum, the test to be applied in determining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality in the context in which it was uttered or published. The court must consider all the words used, not merely a particular phrase or sentence. In addition, the court must give weight to cautionary terms used by the person publishing the statement. Finally, the court must consider all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published. 611 F.2d at 784; 400 So.2d at 57.

9 F.L.W. at 78. *See also, From v. Tallahassee Democrat, Inc.*, 400 So.2d 52 (Fla. 1st DCA 1981), *cert. denied*, 412 So.2d 465 (Fla. 1982).

These decisions also make it clear the question of whether a statement is a privileged expression of pure opinion is a decision for the Court as a matter of law. *Smith*, 9 F.L.W. at 77; *From, supra* at 57.

This Court has reviewed the May 20, 1983 column by Mary Ann Lindley along with all of the allegations of the Complaint. Accepting

all of the well-pleaded allegations in the Complaint as true, *Mueller v. The Florida Bar*, 390 So.2d 449 (Fla. 4th DCA 1980), this Court still must find that the column is a nonactionable, privileged expression of pure opinion. Ms. Lindley stated that she had seen the Leathergram and she described some of what she observed. She also stated the approximate price of the message delivery service. The balance of the column, as it relates to Plaintiffs, contains expression of opinion about this form of message delivery service. Plaintiffs' suggestions that the column accuses Mrs. Sepmeier of conducting a striptease or that Plaintiffs' message delivery service violates obscenity laws does not provide the basis for a cause of action. The column clearly states the Leathergram dancer wears ''Spandex'' which is a form of leotard. This Court finds that the inferences and implicatons which Plaintiffs allege exist and thus constitute libel cannot reasonably or possibly flow from this column. *Palm Beach Newspapers v. Early, supra.* Plaintiffs may not like what is written, but the May 20, 1983 column is the type of commentary protected by *Gertz* and its progeny.

Likewise, this Court finds the May 21, 1983 letter to the editor to be a privileged expression of pure opinion. The letter states what the author saw and expresses her opinion. If the letter is not actionable, then obviously the republication of the letter is not actionable either.

Count III of the Complaint alleges that Defendants infringed FDI's registered service mark by use of the term ''Leathergram'' in the column. This Court can find no authority that the mere use of a name associated with a service mark can be the basis for any such cause of action. Further, it is inconceivable, under the circumstances of this case, that Plaintiffs could have any actionable claim for infringement by the mere use of this word in the column. Consequently, Count III of the Complaint will be dismissed with prejudice.

The conclusions stated in this Final Order make it unnecessary for this Court to address the remaining issues set forth in the Motions filed by Defendants.

WHEREFORE, for the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is hereby granted, with prejudice.