### In re Brian S. CATHCART, Karen M. Cathcart, Debtors.

### Bankruptcy No. 96–13962–SSM.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 29, 1996.

---

Robert R. Weed, Falls Church, Virginia, for debtors.

Robert G. Mayer, Trustee, Fairfax, Virginia.

## MEMORANDUM OPINION

STEPHEN S. MITCHELL, Bankruptcy Judge.

Before the court is the objection of the chapter 7 trustee, Robert G. Mayer, to exemptions claimed by the debtors in two Individual Retirement Accounts (IRA's). The issues are (1) whether, under Virginia law, the wife as the named death beneficiary may claim a homestead exemption in her husband's IRA, and (2) whether the debtors' minor children may intervene to assert exemption interests in their father's IRA's.

### Facts

Brian S. Cathcart and Karen M. Cathcart, who are husband and wife, filed a voluntary petition under chapter 7 of the Bankruptcy Code in this court on July 29, 1996. On their Schedule B ("Personal Property"), they listed as an asset "Retirement" (not otherwise described) valued at $40,500. On their Schedule C ("Property Claimed As Exempt"), they claimed the "retirement" as exempt, citing

"ERISA" as the basis of the exemption.[1] The chapter 7 trustee filed a timely objection to the claim of exemption, asserting that the retirement accounts were not in fact ERISA-qualified but were IRA's subject to the limits on exemption set forth in Va.Code Ann. § 34–34. An evidentiary hearing was held on the trustee's objection on November 19, 1996, at which time the court took the matter under advisement.

On the date the debtors filed their petition, they had interests in three IRA accounts with Merrill Lynch, titled as follows:

| | |
|---|---|
| Brian S. Cathcart (Account 531–81W26) | $31,691.75 |
| Brian S. Cathcart (Account 531–81W27) | $ 7,927.47 |
| Karen M. Cathcart | $ 4,784.17 |

On the 'W26 account, Karen Cathcart is listed as "primary beneficiary(ies) to receive payment of the balance of my account upon my death," and the debtors' children, Robert and Megan, are each listed as 50% contingent beneficiaries in the event "there is no primary beneficiary living at the time of my death." On the 'W27 account, Brian S. Cathcart (presumably meaning his estate) is listed as the primary beneficiary and Robert and Megan are each listed as 50% contingent beneficiaries. As the owner of the 'W26 and 'W27 accounts, Brian S. Cathcart has the unfettered right during his lifetime to withdraw the funds from the account and to change the beneficiary designations.

Brian S. Cathcart's date of birth is May 23, 1952. Karen M. Cathcart's date of birth is October 22, 1952. They have two children, Robert John Cathcart, whose date of birth is October 27, 1980, and Megan Jean Cathcart, whose date of birth is December 6, 1983. Eldon R. Linn, a professional actuary, valued Karen M. Cathcart's contingent interest in the 'W26 account at $4,297. He also valued Robert and Megan's contingent interests in the 'W26 account at $481 each and in the 'W27 account at $697 each. Karen M. Cathcart has filed a timely homestead deed claiming a $3,100.00 exemption in the 'W26 account.

### Conclusions of Law and Discussion

#### I.

This court has jurisdiction over this controversy under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The debtors have abandoned their assertion that the funds in the IRA accounts are excluded from the bankruptcy estate under ERISA. Nevertheless, there is no dispute that the debtors are entitled under § 522(b), Bankruptcy Code, to claim those exemptions available to them under Virginia law. The trustee concedes that Mrs. Cathcart is entitled under Va.Code Ann. § 34–34 to exempt the full amount of the IRA account titled in her name.[2] Additionally, the trustee con-

---

1. "ERISA" is the common abbreviation for the Employee Retirement Income Security Act of 1974, codified at 29 U.S.C. § 1001 et seq. To qualify under ERISA, a retirement plan is required to include a restriction prohibiting assignment and alienation of pension benefits. In Patterson v. Shumate, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court held that the anti-alienation provisions of an ERISA-qualified plan constituted an enforceable restriction on alienation under § 541(c)(2), Bankruptcy Code. The result is that a debtor's interest in an ERISA-qualified plan is not property of the bankruptcy estate. In re Hanes, 162 B.R. 733 (Bankr. E.D.Va.1994) (Bostetter, C.J.). ERISA is not strictly speaking an exemption statute, since exempt property is property of the estate which, once the exemption is allowed, passes out of the estate, whereas the debtor's interest in an ERISA-qualified plan never becomes property of the estate. The drafters of the official forms, however, did not provide any place to list property of the debtor that was excluded from property of the estate. For that reason, it is common for debtors to assert the ERISA exclusion on the Schedule of Property Claimed Exempt, since there is no other convenient place on the schedules to do so.

2. As discussed below, Mrs. Cathcart may exempt a sum sufficient to fund an annuity paying $17,500 per year for life beginning at age 65. Va. Code Ann. § 34–34. Based on her attained age of 43 at the time the petition was filed, the cost of a $1.00 retirement benefit is $1.2304. The amount, therefore, necessary to fund a $17,500 benefit would be $21,532.00 ($17,500 times

cedes that under Va.Code Ann. 34–34, Mr. Cathcart is entitled to claim a total of $23,320.50 of his IRA accounts as exempt[3] and that Mr. Cathcart has properly exempted an additional $5,840.00 under his homestead exemption. The sole issues before the court involve the remaining $10,458.72 in the two IRA's titled in Mr. Cathcart's name. Specifically, the questions presented are whether Mrs. Cathcart may use her homestead exemption to claim an exemption in her husband's IRA beyond what he may claim under § 34–34, and whether the two minor children may claim an independent exemption in their father's accounts.[4]

## II.

■ Under § 541, Bankruptcy Code, the filing of a bankruptcy petition creates an "estate" composed of all property interests of the debtor, legal or equitable. An individual debtor may, however, claim certain property as exempt. § 522(b), Bankruptcy Code. Once properly exempted, such property passes out of the bankruptcy estate. Because Virginia has "opted out" of the Federal exemption scheme in § 522(d), Bankruptcy Code, Virginia residents filing bankruptcy petitions may claim only those exemptions available under Virginia and general (non-bankruptcy) Federal law. § 522(b)(1), Bankruptcy Code; Va.Code Ann. § 34–3.1.

■ Relevant to the present controversy are two exemptions provided by Virginia law. The first, commonly termed the "homestead" exemption, allows a "householder" (defined as any resident of Virginia) to exempt up to $5,000 of real or personal property from creditor process by filing for record an instrument, known as a homestead deed, describing such property. Va.Code Ann. §§ 34–4, 34–6, 34–13, and 34–14. An additional $500 is allowed for each dependent supported by the householder, and a disabled veteran is allowed a further $2,000. Va.Code Ann. §§ 34–4 and 34–4.1. The homestead exemption is independent of, and may be claimed in addition to, other available exemptions.

■ Virginia law also provides a specific exemption for interests in a "retirement plan." Va.Code Ann. § 34–34. The term "retirement plan" is defined as a plan, account, or arrangement that "is intended" to satisfy certain specified provisions of the Internal Revenue Code.[5] Essentially, an individual may hold exempt in a retirement plan an amount that would pay a benefit of $17,500 per year for life beginning at age 65. For the purpose of computing that amount, the statute includes a table setting forth, by attained age, the cost of a $1.00 annual benefit. Va.Code Ann. § 34–34(C). As an example, the table shows that the cost of a $1.00 annual benefit for a person aged 60 is $5.1150. Accordingly, the amount required to fund an annual benefit of $17,500 is $89,512.50 ($17,500 times 5.1150). The exemption does not apply to funds contributed to the plan during the fiscal year in which the exemption is claimed and the two prior years, unless those funds were already exempt. Va.Code Ann. § 34–34(D). The exemption is available to "an individual . . . whether such individual has an interest in the retirement plan as a participant, *beneficiary, contingent annuitant, alternate payee, or otherwise.*" Va.Code Ann. § 34–34(B) (emphasis added). This broad language, however, is subject to

1.2304). Since her IRA contains only $4,784.17, all of it is exempt.

3. Mr. Cathcart's attained age at the time the petition was filed and the exemption claimed was 44. The cost at that age of a $1.00 annual retirement benefit is $1.3326. The amount that may be held exempt, therefore, is $23,320.50 ($17,500 times 1.3326).

4. The children, by their parents as their next friends, have filed a motion to intervene. See, Fed.R.Civ.P. 24(a) ("Intervention of Right"). Rule 24 is expressly made applicable to adversary proceedings in bankruptcy cases by Fed.

R.Bankr.P. 7024, but is *not* one of the Federal Rules of Civil Procedure made applicable to contested matters by Fed.R.Bankr.P. 9014. Nevertheless, since the children assert an interest in property that the trustee proposes to administer for the benefit of creditors, the court concludes that intervention should be allowed.

5. Among these are 26 U.S.C. § 408, which governs the treatment of individual retirement accounts. The trustee does not dispute that the IRA's in this case are intended to satisfy the relevant requirements of the Internal Revenue Code with respect to such accounts.

the limitation set forth in Va.Code Ann. § 34–34(F):

F. If two individuals who are married or were married are entitled to claim the exemption provided under subsection B of an interest under the same retirement plan or plans and such individuals are jointly subject to creditor process as to the same debt or obligation and the debt or obligation arose during the marriage, then the exemption provided under subsection B as to such debts or obligations shall not exceed, in the aggregate, the amount that would provide an annual benefit of $17,500. The maximum amount that may be exempted shall be allocated among such persons in the same proportion as their respective interests in the retirement plan or plans.

The debts scheduled in this case include joint obligations. Were Mrs. Cathcart therefore relying on § 34–34 as defining an exemption for her benefit, the plain language of the statute would bar an additional exemption, since her husband has already claimed an exemption of an amount sufficient to provide an annual benefit of $17,500.[6] However, Mrs. Cathcart, as the court understands her position, is not relying on § 34–34 as the basis of the exemption, but solely as support for the proposition that someone other than the owner can have an interest that may be exempted in a retirement account. Here, Mrs. Cathcart has available $3,100 of her homestead exemption that she wishes to apply to her interest—which she says is worth at least $4,297—in the 'W26 account. Since the homestead exemption is separate from the § 34–34 exemption, she argues that the § 34–34(F) limitation does not apply.

Conceptually, there is nothing remarkable about a debtor who has a legal interest in a retirement plan—even someone else's retirement plan—exempting that interest on a homestead deed. There is no apparent bar, moreover, to claiming a homestead exemption in addition to whatever amounts may be held exempt under § 34–34.[7] Indeed, the trustee has not objected to Mr. Cathcart "stacking" his homestead exemption on top of the § 34–34 exemption. The controversy before the court goes to a more fundamental issue: what is the value of Mrs. Cathcart's "interest" in the 'W27 account?

Mrs. Cathcart presented the stipulated testimony of an actuary who calculated the present value of her interest at $4,297.00. It is clear, however, that his calculation is based on the assumption (1) that there would be no withdrawals from the account other than the payouts from the account beginning when Mr. Cathcart attained the age of 65 and (2) that Mr. Cathcart would not exercise his right to change the beneficiary designation to someone other than Mrs. Cathcart. Neither of these assumptions is supported by the evidence. First, there is no legal restriction on Mr. Cathcart's right to withdraw sums from the IRA account prior to reaching re-

---

**6.** Since Mr. Cathcart is older than Mrs. Cathcart, and since the sum that can be exempted increases with age, there would be no advantage to allocating the $17,500 between them, since Mrs. Cathcart's lower attained age would result in a lower aggregate exemption.

**7.** At the same time, the court recognizes that Virginia law does not expressly authorize such stacking. Indeed, it could be argued that Va. Code Ann. § 34–13, by negative implication, prohibits taking both exemptions. That statute specifically addresses the claiming of an homestead exemption in "personal estate" and provides as follows:

If the householder does not set apart any real estate as before provided [in Va.Code Ann. §§ 34–4 through 34–8], or if what he does or has so set apart is not of the total value which he is entitled to hold exempt, he may, *in addition to the property or estate which he is entitled to hold exempt under §§ 34–26, 34–27, 34–29,*

*and 64.1–151.3,* in the first case select and set apart ... so much of his personal estate as shall not exceed the total value which he is entitled to hold exempt....

The lack of an explicit reference to § 34–34, when other exemption statutes are mentioned, could arguably be construed as reflective of a legislative intent to permit interests in retirement plans to be exempted only under § 34–34. It is well settled, however, that exemption statutes in Virginia are liberally construed in favor of the debtor. *Tignor v. Parkinson (In re Tignor),* 729 F.2d 977, 981 (4th Cir.1984), citing *South Hill Production Credit Assn. v. Hudson,* 174 Va. 284, 6 S.E.2d 668 (1940) and *Atlantic Life Ins. Co. v. Ring,* 167 Va. 121, 187 S.E. 449 (1936). Given that policy, and in the absence of any language in §§ 34–17 or 34–34 prohibiting a homestead exemption from being stacked on top of the § 34–34 exemption, the court concludes that a debtor is not prohibited from using a homestead deed to exempt funds in a retirement plan in addition to those protected by § 34–34.

tirement age.[8] Mrs. Cathcart admitted, in fact, that sums have been withdrawn from the IRA accounts in the past to meet the family's financial needs. In addition, it is stipulated that there is no legal restriction on Mr. Cathcart's right to change the beneficiary designation. Based on these factors, the chapter 7 trustee argues that Mrs. Cathcart's interest in her husband's IRA has no or at most nominal value.

The court agrees with the trustee's position and finds that Mrs. Cathcart's interest has no value. The situation would obviously be very different if Mrs. Cathcart had a protected or vested interest (for example, as alternate payee under a Qualified Domestic Relations Order) in her husband's retirement plan. That is not the case here. At best Mrs. Cathcart has an expectancy. See, Smith v. Coleman, 184 Va. 259, 270, 35 S.E.2d 107 (1945) ("The beneficiary, during the life of the insured, had no vested interest in the policy. She had a mere expectancy quite similar to that of a legatee during the life of the testator.") Furthermore, as the trustee correctly points out, under § 541, Bankruptcy Code, he succeeds to all the debtor's property rights. With respect to the IRA, those rights include—except with respect to those amounts that the debtor has properly exempted—the right to withdraw the funds. Under Virginia law, it is clear that "whatever a debtor may voluntarily transfer . . . his creditors can reach." Jones v. Conwell, 227 Va. 176, 183, 314 S.E.2d 61, 65 (1984) (because a joint tenant with right of survivorship may dispose completely of his or her interest in the joint tenancy during his or her life, a judgment creditor may have joint tenant's interest applied to satisfaction of debt). Accordingly, the trustee's objection to Mrs. Cathcart's attempted exemption of a $3,100 exemption in her husband's IRA will be sustained.

### III.

Most of what has been said with respect to Mrs. Cathcart applies with equal force to the claimed interest of the children as the contingent beneficiaries of the two IRA's owned by their father.[9] The $1,178 value of each child's interest, as computed by the actuary, assumes no premature withdrawals from the account and no change of beneficiaries. Since nothing prohibits Mr. Cathcart from doing either, their claimed interest is no more than an expectancy. More fundamentally, the children, unlike Mrs. Cathcart, are not debtors in this or any other bankruptcy case, nor are they liable for any of the debts of Mr. and Mrs. Cathcart. Section 522(b), Bankruptcy Code, permits a "debtor" to exempt property from property of the estate, but no provisions of the Bankruptcy Code provide standing for non-debtor third parties to claim exemptions in property of the estate.[10] Burman v. Homan (In re Homan), 112 B.R. 356 (9th Cir. BAP 1989), reh'g denied 112 B.R. 356 (1990) (Non-debtor spouse not entitled to assert her own state law homestead exemption against trustee of husband's bankruptcy estate); Joelson v. Tiffin Savings Bank (In re Everhart), 11 B.R. 770 (Bankr.N.D.Ohio 1981) (transferee of preferential payment lacked standing to assert debtor's entitlement to exemption of the transferred funds); Lynn v. Darke (In re Darke), 18 B.R. 510 (Bankr.E.D.Mich.1982) (same). Nor has counsel cited the court to any reported Virginia cases that have allowed a party other than the judgment debtor to claim an exemption in the judgment debtor's property.[11]

It is important here to distinguish between a third-party's exemption claim and an ownership claim. A party who claims an ownership interest, superior to the trustee's, in property that the trustee proposes to use or sell may of course object to any such sale

---

**8.** Such withdrawal might trigger a tax liability or a penalty, but that is a separate issue. See, 26 U.S.C. §§ 72(t)(1) and (2), 408(d), and 4974(c)(4).

**9.** It is true that the children, unlike Mrs. Cathcart, are not subject to the limitation in Va.Code Ann. 34–34(F).

**10.** This must be distinguished from the situation where a debtor has failed to claim the exemptions to which he or she is entitled. In that circumstance, a dependant of the debtor may

claim the exemption "on behalf of the debtor." § 522(l), Bankruptcy Code; Fed.R.Bankr.P. 4003(a). The dependent in such a situation, however, is asserting the debtor's exemption (the allowance of which would presumably benefit the dependent) and not the dependent's own exemption.

**11.** Virginia law provides a summary procedure by which a stranger to a judgment may, upon giving a suspending bond, assert an ownership interest in property that has been levied upon.

or use and may bring an adversary proceeding to determine title and recover possession. But that is a different issue altogether from attempting to assert an exemption. Where the third party's ownership interest is subordinate to that of the trustee's, then so is any potential exemption claim, and the trustee is free to administer the property. Accordingly, the court concludes that the children have no right, based solely on their status as contingent beneficiaries of their father's IRA's, to assert—as against their father's creditors—an exemption in his retirement accounts.

### IV.

For the foregoing reasons, the trustee's objection will be sustained. A separate order will be entered consistent with this opinion (1) allowing the exemption of Mrs. Cathcart's IRA, (2) disallowing her claim of exemption in Mr. Cathcart's IRA's, (3) allowing Mr. Cathcart's exemption of $29,-160.50 in his IRA's, (4) disallowing his exemption of any sums in excess of that amount, and (5) disallowing the claims of Robert and Megan Cathcart to an exemption in their father's IRA's.

Va.Code Ann. 8.01–365. Alternatively, a stranger to a judgment whose property is wrongly taken in satisfaction of the judgment may recover damages in an action for common law trespass. *Barbuto v. Southern Bank,* 231 Va. 63, 340 S.E.2d 813 (1986).