LINDAUER et al. v. COMPANIA PALOMAS DE TERRENOS Y GANADOS, SOCIEDAD ANONIMO, et al.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1917. Rehearing Denied January 28, 1918.)

No. 4910.

1. COURTS ⊙⇒317—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—REARRANGEMENT OF PARTIES.

A suit to enjoin persons from illegally and fraudulently assuming to act as officers and directors of a corporation is one in the right of the corporation and to which it is an indispensable party, and if it is made a defend-

ant, but joins in the prayer of the bill, it will be aligned as a complainant for the purposes of determining the jurisdiction of a federal court.

2. COURTS ⬅316—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.

By making persons who are necessary parties plaintiff defendants, jurisdiction is not conferred upon a federal court, where, if they had been made plaintiffs, there would not have been the necessary diversity of citizenship.

Appeal from the District Court of the United States for the District of New Mexico; John H. Cotteral, Judge.

Suit by the Compania Palomas de Terrenos y Ganados, Sociedad Anonimo, and another, against Sigmund Lindauer, Arthur A. Temke, and others. Decree for complainants, and the defendants named appeal. Reversed.

Walter D. Hawk, of Chicago, Ill., and A. B. Renehan, of Santa Fé, N. M. (George A. Miller and Samuel S. Holmes, both of Chicago, Ill., and E. R. Wright, of Santa Fé, N. M., on the brief), for appellants.

James R. Garfield, of Cleveland, Ohio, and D. J. Cable, of Lima, Ohio (Francis C. Wilson, of Santa Fé, N. M., on the brief), for appellees.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

CARLAND, Circuit Judge. Appellees, corporations of the republic of Mexico, commenced this action in the United States District Court, District of New Mexico, against Walter D. Hawk, Samuel S. Holmes, citizens of Illinois, Sigmund Lindauer, Arthur A. Temke, citizens of New Mexico, Luis Huller, a citizen of the republic of Mexico, and the Northwestern Colonization & Improvement Company of Chihuahua, hereafter called the Northwestern Company, a corporation organized under the laws of New Mexico.

The complaint among other things alleged that appellees were the owners of 822,510 acres of land in the republic of Mexico, described by metes and bounds in the complaint, lying along the boundary line between the United States and said republic; that this land was formerly owned by Luis Huller, deceased, father of Luis Huller, one of the defendants; that Huller, Sr., caused the Northwestern Company to be incorporated under the laws of the territory of New Mexico on or about the 9th day of March, 1889; that said corporation continued to exist and still exists as a lawful corporation under the laws of the state of New Mexico; that Huller, Sr., conveyed the above-mentioned lands to said Northwestern Company in consideration of the issuance to him by said corporation of $600,000 in the bonds of said corporation, secured by a mortgage upon the land conveyed, in favor of the Mercantile Trust Company of New York, as trustee, and 499,991 shares of the stock of said corporation of the par value of $10 per share; that subsequently one John C. Sanders, a citizen of the state of Ohio, was substituted as trustee in the mortgage in place of the Trust Company; that during the month of April, 1902, said Sanders,

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trustee, entered suit in the Second civil court of the city of Mexico for the bondholders under said mortgage to recover the principal and interest evidenced by said bonds, and for a sale of the land described in the mortgage; that such proceedings were thereafter had in said suit that a final judgment and decree was entered therein, whereby the lands covered by said mortgage were sold, one parcel thereof to Compania Palomas de Terrenos y Ganados, Sociedad Anonimo, and the other to Compania de Dublan de Aguas y Colonization, Sociedad Anonimo, appellees herein; that, notwithstanding appellee's title to said lands, said defendants Hawk, Holmes, Temke, Lindauer, and Huller had conspired and confederated together for the purpose of making for and in behalf of said Huller, Carmen Huller de Niles, and Theresa Marie Huller, heirs of Luis Huller, deceased, and said Huller, as administrator of the estate of Luis Huller, deceased, a false and fraudulent claim to the effect that said heirs or the said administrator of the estate of the said Luis Huller, deceased, or some of them were at all times the owners of the stock and bonds of the said Northwestern Company, that the sale of the lands by virtue of the proceedings in the Second civil court of the city of Mexico, was a nullity and void, and that the Northwestern Company, and not appellees, was the owner of the lands and entitled to the possession thereof.

The complaint then alleged the commission of acts by the defendants, above named, whereby they represented and pretended that they were officers and directors of the Northwestern Company, and had pretended to hold a meeting of the directors and stockholders of said corporation at Deming, N. M., for the express purpose of clouding the title to plaintiff's land. The prayer of the complaint asked for a writ of injunction to be directed to the defendants Hawk, Holmes, Temke, Huller, and Lindauer, restraining them and each of them, their agents, servants, and employés, from in any manner acting or pretending to act for or in behalf of the Northwestern Company, and from committing as pretended officers, agents, stockholders, or directors of the said corporation any of the acts complained of in the complaint. This relief was granted as to Temke and Lindauer.

The appellees dismissed the action as to the defendant Luis Huller on objection being made that he was a citizen of the republic of Mexico, and therefore not suable by corporations of the same republic. The action was dismissed by the court as to the defendants Hawk and Holmes for the reason that they were citizens of Illinois, and could not be sued against their consent in the district of New Mexico. This left the case pending against Temke, Lindauer, and the Northwestern Company. There were two sets of answers filed in the case by the Northwestern Company; one set, consisting of two answers, may be termed fighting answers. These answers, however, were stricken from the action by the final decree, rendered in favor of appellees, on the ground that the appearances and answers in the cause of Mr. Walter D. Hawk, Mr. George A. Miller, Messrs. Renehan & Wright, and Mr. Raymond W. Beach, in behalf of said corporation, were without authority from said corporation. This action of the court left two answers signed by the Northwestern Company, by O. M. Stafford, presi-

dent, and by H. B. Jamison and Manuel U. Vigil, attorneys. These two answers were practically the same, one being to the original complaint and the other to the so-called amended complaint. These answers were for all practical purposes complaints in line with that of appellees, and each contained the following prayer:

"And further this defendant prays that upon final hearing this honorable court find and decree that said meeting of Luis Huller, Walter D. Hawk, Arthur A. Temke, S. Lindauer, and their associates held in Deming, N. M., December 14, 1910, was not a meeting of the Northwestern Colonization & Improvement Company of Chihuahua, its stockholders, or its directors; that any and all acts taken by any of said persons or their associates for or in the name of the Northwestern Colonization & Improvement Company of Chihuahua were and are illegal and void; that any and all powers of attorney executed and issued by any of said persons or their associates to Burton W. Wilson, Jorge Vera Estanol, Romulo Becerra, or any other person or persons for or in the name of the Northwestern Colonization & Improvement Company of Chihuahua were and are illegal and void; and that any and all certificates executed and issued by any of said persons or their associates for or in the name of the Northwestern Colonization & Improvement Company of Chihuahua and filed in the office of the secretary of state of New Mexico or the office of the commissioner of corporations of New Mexico were and are illegal and void."

[1] No relief was prayed against the Northwestern Company, and none was granted; therefore it did not join with the other defendants in their appeal. Several motions were made, during the pendency of the case in the court below, to dismiss the action for want of jurisdiction; but an examination of the record does not show that the specific point now urged by counsel for appellants was brought to the attention of the court. It is now insisted, however, by oral argument and in brief, that the court below had no jurisdiction of the action, because, when the parties to the action are properly aligned, it develops that the Northwestern Company must be aligned with the plaintiffs, and when that is done it comes to pass that there is a plaintiff who is a citizen of New Mexico, of which state Lindauer and Temke, the only remaining defendants, are also citizens. We think this contention must prevail.

The Northwestern Company was a necessary and indispensable party to the action, either as defendant or plaintiff. Appellees own no interest or stock in the corporation, and the right to complain of the acts of defendants in pretending to be stockholders and directors of the corporation was a right of the corporation, and the action could not be maintained without the corporation was before the court. The Northwestern Company by its answers joined the plaintiffs in their demand. No relief was prayed or granted against the Northwestern Company. There is no allegation in the complaint that it refused to join the plaintiffs, as plaintiffs, and at this point we may quote with propriety the language used by the Supreme Court of the United States in a recent opinion filed May 21, 1917, in the case of Hamer et al. v. N. Y. Rys. Co., 244 U. S. 266, 37 Sup. Ct. 511, 61 L. Ed. 1125, as follows:

"No reason is assigned in the bill or in the answer of the Trust Company for its refusal to sue; and none suggests itself save the willingness of an accommodating trustee to enable its beneficiaries to present that appearance or diversity of citizenship essential to conducting this litigation in the federal court."

. [2] If the District Court had no jurisdiction of the action, then we have none, except to decide that question, and anything we might say upon the merits would be without authority. By making persons who are necessary parties plaintiff defendants, jurisdiction is not conferred upon a federal court where, if they had been made plaintiffs, there would not have been the necessary diversity of citizenship. Bland v. Fleeman (D. C.) 29 Fed. 669. We are satisfied that under the authority of Hamer et al. v. New York Railways Co. et al., supra, Blacklock v. Small, 127 U. S. 96, 104, 8 Sup. Ct. 1096, 32 L. Ed. 70, Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411, Pacific Railroad v. Ketchum, 101 U. S. 289, 25 L. Ed. 932, Allen-West Commission Co. v. Brashear, (C. C.) 176 Fed. 119, and Shipp v. Williams, 62 Fed. 4, 10 C. C. A. 247, it is our clear duty to arrange the parties to the action by placing the Northwestern Company where it has placed itself on the side of the plaintiffs, and, when that is done, it becomes necessary to reverse the judgment below and remand the case, with instructions to dismiss the action for want of jurisdiction; and it is so ordered.

The motion to dismiss the appeal is denied.