PATTERSON et al. v. DELAWARE & HUDSON CO. et al.

(Circuit Court of Appeals, Third Circuit. May 16, 1918.)

No. 2348.

1. COURTS ⬅═308—FEDERAL COURTS—JURISDICTION.

Where the citizenship of one of the necessary defendants was the same as that of the plaintiff, the federal District Court is without jurisdiction, on the ground of diversity of citizenship.

2. COURTS ⬅═405(5)—FEDERAL COURT—JURISDICTION—CIRCUIT COURT OF APPEALS.

While an appeal from a decree dismissing a bill for want of jurisdiction, because of lack of diversity of citizenship between all of the parties defendant and plaintiff, should, under Judicial Code, § 238 (Comp. St. 1916, § 1215), be taken directly to the Supreme Court, yet where the bill, as originally filed, showed diversity of citizenship between all of the parties, the Circuit Court of Appeals, no objection having been made, will dispose of an appeal from a decree dismissing the bill after one whose citizenship was the same as that of complainants was made a party defendant by amendment.

3. COURTS ⬅═322(5)—FEDERAL QUESTION—AMENDMENT—EFFECT.

Where a bill was amended on complainants' motion, and not under compulsion of an order, the question whether the necessary diversity of citi-

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

zenship to give the federal court jurisdiction was stated must be determined from the bill as amended.

4. COURTS ⬤◦310—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP—INDISPENSABLE PARTIES.

    In a suit to enjoin a railroad company from trespassing upon land which it had formerly occupied as a right of way, federal jurisdiction depending on diversity of citizenship, a lessee of the land to whom the company had granted the right to remove culm is an indispensable party defendant; hence, having been made a party by amendment, the suit must be dismissed, such lessee's citizenship being the same as that of complainants.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Suit in equity by Augustus L. Patterson, and others, as executors and trustees under the will of Roswell P. Patterson, against the Delaware & Hudson Company, in which John J. Coyne was made a party defendant by amendment. From a decree dismissing the bill, complainants appeal. Affirmed.

M. J. Martin of Scranton, Pa., and J. Fred Schafer, of Sunbury, Pa., for appellants.

James H. Torrey, Thomas A. Donahoe, and Donahoe & Helriegel, all of Scranton, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. On April 16, 1917, the plaintiffs, as executors and trustees under the will of Roswell P. Patterson, filed a bill of complaint asking that the Delaware & Hudson Company be enjoined from trespassing upon certain property of the plaintiffs, and from removing coal, culm, and other material therefrom, accounting for the culm already removed. On April 23 a restraining order was issued, and a rule was granted to show cause why the order should not be continued—in effect, why a preliminary injunction should not be granted. The culm was upon the property described, and was being removed by John J. Coyne under an agreement, made in March, 1917, by which Coyne bought the culm for a lump sum and the company leased the ground and conveyed the right to remove. The jurisdiction of the District Court was invoked solely on the ground of diversity of citizenship; the plaintiffs being citizens of Pennsylvania, and the defendant being a New York corporation. The company moved to dismiss the bill on the ground that Coyne was an indispensable party, because his property rights would be directly affected by the decree. On May 7 the rule for the preliminary injunction and the motion to dismiss were heard together, and testimony was taken by the District Judge. On June 20 the plaintiffs moved to amend by making Coyne a party defendant, and by adding averments concerning Coyne's occupancy of the premises and removal of the culm therefrom. The court allowed the amendment and granted the injunction on terms. Coyne appeared conditionally, and on August 1 filed an answer setting up that he was a citizen of Pennsylvania, claiming the right to

⬤◦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

set up this defense, and moving to dismiss on the ground of the court's lack of jurisdiction. The company also filed an answer to the amended bill, in which a similar motion was made. These motions were sustained, and a decree was afterward entered dismissing the bill on the ground of Coyne's citizenship. The pending appeal is from this decree.

The testimony showed that the plaintiff's testator had been the owner of a farm in the Middle district of Pennsylvania, title to which had formerly been in Leonard Starkweather, who in 1829 had conveyed certain rights therein to the defendant company, then the Delaware & Hudson Canal Company. The conveyance was "for the use, purposes, and conveniences of the railroad"; and, as in 1900 the company had abandoned its railroad (at least to some extent) laid upon the tract conveyed in 1829, the plaintiffs contended that the fee of the land, with the culm deposited thereon by the company, had reverted to their testator or to his heirs, and that the company had no right to make the sale and lease to Coyne. The culm had been deposited on the roadbed while the railroad was in operation, and on this and other grounds the company asserted a right to make the deposit and to exercise ownership thereof.

[1, 2] The merits of the controversy are not before us, and we intimate no opinion thereon; the sole question now being whether the District Court lost jurisdiction after the amendment was allowed and Coyne was made a party. As originally filed, the bill showed jurisdiction of the parties and the subject-matter, and it is equally clear that the court would not have had jurisdiction, if Coyne had been made a defendant in the first instance. 1 Comp. St. 1916. p. 650. In the latter event an appeal from a decree dismissing the bill for lack of jurisdiction could have been taken directly to the Supreme Court (Act March 3, 1891, c. 517, § 5, 26 Stat. 827; Judicial Code [Act March 3, 1911, c. 231], § 238, 36 Stat. 1157 [Comp. St. 1916. § 1215]); and perhaps that method of review would have been exclusive (U. S. v. Larkin, 208 U. S. 333, 28 Sup. Ct. 417, 52 L. Ed. 517). But as this point has not been urged, and as the precise question for decision is, not whether jurisdiction originally existed, but whether jurisdiction has since been lost we have concluded to decide the question instead of dismissing the appeal.

[3, 4] The bill was amended on the plaintiffs' own motion, and not against their objection or under the compulsion of an order, so that the proceeding is to be judged in the form they have chosen. Peninsular Iron Co. v. Stone, 121 U. S. 631, 7 Sup. Ct. 1010, 30 L. Ed. 1020; Merchants' Co. v. Ins. Co., 151 U. S. 384, 14 Sup. Ct. 367, 38 L. Ed. 195. Thus viewed, we cannot assent to the argument that the dispute should be treated as in substance between the plaintiffs and the company to which Coyne is merely an incidental party. On the contrary, he was an indispensable party (1 Fos. Fed. Prac. [5th Ed.] § 120), his rights are as directly involved as the rights of the company, and we do not see how the suit could have proceeded in his absence. He had not only bought the culm and paid for it, but was occupying the land and removing the culm, when the restraining order compelled

him to forbear. If the plaintiffs' contention were sustained, he could remove no more, and must account for all he had taken, being remitted to his action against the company for such damages as he might be able to recover. Recognizing that he would of necessity be directly affected by an adverse decree, the plaintiffs properly made him a defendant; but they lost thereby the right to continue the action in a federal court. The case does not seem to admit of prolonged discussion. Since Coyne was a real, and not a formal, party, his citizenship could not be disregarded; the status of the parties in this respect may be considered after an amendment, just as it may be considered after they have been rearranged. Lindauer v. Compania, etc. (C. C. A. 8) 247 Fed. 428, — C. C. A. —.

The decree is affirmed.