**Ellis B. GRADY, Jr., Administrator, c.t.a., of Margarette W. Rodgers, deceased, Appellant,**

v.

**Richard Eugene IRVINE, Appellee.**

No. 7584.

United States Court of Appeals Fourth Circuit.

Argued March 3, 1958.

Decided April 8, 1958.

Geo. E. Allen, and Allen, Allen, Allen & Allen, Richmond, Va., on brief, for appellant.

Wayt B. Timberlake, Jr., Staunton, Va., for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

226

HAYNSWORTH, Circuit Judge.

This action was commenced in the District Court for the Western District of Virginia by a citizen of Maryland against a citizen of Virginia for the recovery of damages for personal injury. During the pendency of the action, the plaintiff died as a result of the injuries sustained in the accident. Counsel for the plaintiff then filed a motion to substitute, as plaintiff, a citizen of Virginia, the duly appointed administrator c.t.a. of the estate of the original plaintiff, and to amend the complaint, pursuant to the requirements of Section 8–640 of the Code of Virginia, so as to convert the action into one for wrongful death under Sections 8–633, 8–634. Upon its own initiative, the District Court raised the question of jurisdiction and concluded, after consideration, that the motion to substitute the personal representative as plaintiff and to amend the complaint should be granted, but, there being no longer diversity of citizenship, the action should be dismissed for want of jurisdiction. The plaintiff has appealed from the order of dismissal.

It is settled that where a personal representative initially files an action for wrongful death, it is the residence of the representative, not that of his decedent, which is relevant in the resolution, for purposes of federal jurisdiction, of the question of diversity of citizenship. Mecom v. Fitzsimmons Drilling Company, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233. That this action for wrongful death was commenced by an allowance of an amendment to the pleadings in a pending action of a different nature rather than by the filing of a new complaint and the service of original process, does not make the residence of the personal representative irrelevant or that of his decedent determinative of the jurisdictional question.

For purposes of federal jurisdiction, the requirement of diversity of citizenship is ordinarily determined by the situation existing at the time the action is commenced. Once federal jurisdiction has attached, it is not defeated by a subsequent change in the citizenship of one of the parties, Mollan [Mullen] v. Torrance, 9 Wheat. 537, 6 L.Ed. 154, nor by a formal substitution of a personal representative of nondiverse citizenship for an original party who dies while the cause is pending. Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205. There is great difference, however, between a formal substitution of a personal representative to prosecute the action in aid of the same right asserted by his decedent and an amendment or supplemental bill which changes the nature of the right asserted and alters the substance of the action. In the latter instance, jurisdiction should be re-examined in the light of the citizenship of all of the indispensable parties including those introduced upon allowance of the new pleading. See 4 Moore's Federal Practice, 2nd Ed., 25.05. It is analogous to the rule which calls for a re-examination of the diversity requirement after the joinder of an indispensable party. See Rule 19(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; Schwartz v. Metropolitan Life Insurance Co., D.C.D. Mass., 2 F.R.D. 167; Small v. Frick, D.C.E.D.S.C., 40 F.Supp. 778; Crecelius v. New Albany Mach. Mfg. Co., 7 Cir., 4 F.2d 369; Cohen v. Maryland Casualty Co. of Baltimore, D.C.E.D.S.C., 4 F.2d 564; Atwood v. Rhode Island Hospital Trust Co., 1 Cir., 275 F. 513, 24 A.L.R. 156; Fryer v. Weakley, 8 Cir., 261 F. 509; Himes v. Schmehl, 3 Cir., 257 F. 69; Patterson v. Delaware & Hudson Co., 3 Cir., 251 F. 255; Hawes v. First Nat. Bank of Madison, 8 Cir., 229 F. 51.

The statutes of Virginia do not, in any real sense, provide for the survival of a right of action for personal injury if the injured person dies as a result of the injury. Sections 8–628.1 and 8–640 of the Code of Virginia provide:

(8–628.1) " * * * No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided, however, in such action no recovery

can be had for mental anguish, pain or suffering * * *."

(8–640) "* * * (A)nd when an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation and the person injured dies pending the action, the action shall not abate by reason of his death, but, his death being suggested, it may be revived in the name of his personal representative. If the death resulted from the injury, the motion for judgment and other pleadings shall be amended so as to conform to an action under §§ 8–633 and 8–634, and the case proceeded with as if the action had been brought under such sections. But in such cases there shall be but one recovery for the same injury."

But the Supreme Court of Virginia, interprets the terms "cause of action" and "action," as used in these statutes, as encompassing only such rights of action as are otherwise granted or contemplated by statute. They do not include every right of action which, at any time, may have existed as a result of the tortious conduct. Unlike the courts of many other states,[1] the Supreme Court of Virginia construes its wrongful death statute as creating no new "cause of action" but a "right of action" where no right before existed. The "cause of action" is said to be complete and accrued the moment the tort is committed, but the "right of action" for wrongful death does not arise during the continued life of the injured person, nor does the injured person's "right of action" for personal injury survive his death, if death results from the injury. Anderson v. Hygeia Hotel Co., 92 Va. 687, 24 S.E. 269, 272; Beavers, Adm'x v. Putnam's Curator, 110 Va. 713, 67 S.E. 353; Virginia Iron, Coal & Coke Co. v. Odle's Adm'r, 128 Va. 280, 105 S.E. 107; Mercer v. City of Richmond, 152 Va. 736, 148 S.E. 803, 64 A.L.R. 1054; Seymour and Burford Buick Corporation v. Richardson, 194 Va. 709, 75 S.E.2d 77; Ruebush v. Funk, 4 Cir., 63 F.2d 170; Atlantic Greyhound Lines, Inc., v. Keesee, 72 App.D.C. 45, 111 F.2d 657. The Supreme Court of Virginia in Anderson v. Hygeia Hotel Co., supra, said:

"The language of the act clearly indicates that the legislature had in view the rule of the common law, and that its purpose in passing the act was to provide for the case of an injured person who had a good cause of action, but died from injuries without having recovered his damages. It intended to withdraw from the wrongdoer the immunity from civil liability which the rule of the common law afforded him, and to provide for the recovery of such damages notwithstanding the death of the injured person. *In so doing, however, it plainly did not intend to continue or cause to survive his right of action for the injury, but to substitute for it, and confer upon his personal representative, a new and original right of action.*" (Citing cases.)

"*It is very clear that this new right of action, though founded upon a wrong already actionable by existing law in favor of an injured person, for his damages, was not intended to be, and is not, a derivative one. * * *"* (Italics added.)

Since the adoption of § 8–628.1, it may be that some elements of the right of action for personal injury, in some circumstances, survive the death of the injured person, but the conclusion of the Supreme Court of Virginia that they do not when the injured person dies as a result of his injuries after commencing action seems to be required by the provisions of § 8–640. That section requires a conversion of the action into one brought under §§ 8–633, 8–634, the wrongful death statutes, and all further proceedings must be as if the action had been filed initially under the wrongful

---

1. See 16 Am.Jur. 48–51.

death act. It was a motion to thus convert the present action which resulted in the order of dismissal for want of jurisdiction.

 The wrongful death statutes of Virginia authorize compensation not for the economic and other loss suffered by the injured person, but for that of the statutory beneficiaries by reason of the death. Any recovery is an asset in the hands of the statutory beneficiaries, not of the general estate of the decedent, and, by express statutory provision, damages recovered are beyond the reach of the decedent's creditors. The right of action for wrongful death does not accrue until the death. It is granted by the statute directly for the benefit of the statutory beneficiaries, and is, in no sense, derived from the fatally injured person.

The conversion of an action for personal injury into one for wrongful death is much more than a formal substitution of a party under Rule 25(a), Federal Rules of Civil Procedure. Allowed as a supplemental bill under Rule 15(d), it was such a new and different action, in complete substitution for the old and for the benefit of persons having no interest in the former action, as to call for a new determination of the basis of federal jurisdiction.

 The new action which, alone, the plaintiff now seeks to prosecute, if initially filed as such, under no circumstances could have been prosecuted by any one in the federal jurisdiction in Virginia. The defendant is a citizen of Virginia, and Virginia requires that the personal representative who prosecutes an action under its wrongful death act must be a resident of that state. This requirement has been held to be binding in the Federal Courts. Holt v. Middlebrook, 4 Cir., 214 F.2d 187, 52 A.L.R.2d 1043. See also Rybolt v. Jarrett, 4 Cir., 112 F.2d 642. Such restrictions upon the exercise of the powers of a foreign administrator may not be applicable to a purely formal substitution of a party under Rule 25(a), Neiman-Marcus Company v. Lait, D.C.S.D.N.Y., 17 F.R.D. 119, but, if applicable to original proceedings in the Federal Courts, the rule of Holt v. Middlebrook would seem equally applicable when a new party, by motion, comes into court for the first time to assert, in his own right or that of other new claimants, a claim for relief which is not dependent upon the pending proceeding nor derived from anyone who, at any time, was a party to the pending proceeding. Thus, the motion made was to substitute, as plaintiff, a citizen of Virginia, and no other alternative was considered or suggested.

We conclude that the District Court was entirely correct in granting the motion, as made, and thereupon, the parties being citizens of the same state, dismissing the action for want of jurisdiction.

Affirmed.[2]

---

**2.** The late Chief Judge JOHN J. PARKER expressed his approval of the result in the foregoing case, but the opinion, written after his death on March 17, 1958, did not receive his consideration.