**In re Johnny Edward TIDWELL, Debtor.**

**Bankruptcy No. 81–00507–NN.**

United States Bankruptcy Court,
E. D. Virginia,
Newport News Division.

April 26, 1982.

Richard W. Hudgins, Newport News, Va., for debtor.

Linda W. Coppinger, Williamsburg, Va., trustee.

ORDER SUSTAINING OBJECTIONS TO
WRONGFUL DEATH ACTION
EXEMPTION

HAL J. BONNEY, Jr., Bankruptcy Judge.

When filing his bankruptcy petition, Johnny Edward Tidwell, the debtor, exempted a claim against Halifax County Hospital for the death of his mother and a claim against Exxon for the death of his father. The trustee objected on the grounds that such exemptions cannot be founded upon the Federal exemptions of 11 U.S.C. § 522(d), but only upon Virginia exemptions law such as Section 34–4.

The debtor answered the objection to exemptions arguing:

(1) The Virginia Code preventing a debtor from electing Federal exemptions is unconstitutional.

(2) The jury in the wrongful death case will establish the beneficiaries pursuant to State law, if an award is made.

(3) There exists the equitable argument that the wrongful death statute purports to compensate the family of the deceased and not to provide for creditors.

The Answers

(1) The exemption scheme of the Bankruptcy Reform Act of 1978, the Bankruptcy Code, is indeed constitutional and has so been held. *In re Brown*, 7 B.R. 264 (Bkrtcy.N.D.Texas 1980); *In re Sullivan*, 11 B.R. 432 (Bkrtcy.C.D.Ill.1981); and *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir. 1981). See *Hanover National Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902) and *Stellwagen v. Clum*, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918).

(2) If the State court makes no award to the debtor, obviously, there is no property for the estate. But if it does, there is.

(3) As for the equitable argument of family vis-a-vis creditors, equity follows the law and the law is clear, albeit new. Since 1898 a cause of action for wrongful death has been an asset of the estate, *In re Burnstine*, 131 F. 828 (D.C.Mich.1903); *In re Fahys*, 18 F.Supp. 529 (S.D.N.Y.1937), unless saved by State law from attachment, execution, garnishment, sequestration or other judicial process. Section 70(a)(5) of the Bankruptcy Act.

In other words, if it could be reached by State law, it was an asset; if not, it was not. Virginia saves such action from assignability. Section 8.01–26, Code of Virginia, as amended.

Eureka! For those who say the Bankruptcy Code gives it all to the debtors, we find a marked departure. Section 541 of the Code does not continue the saving grace of the Act. Such a cause of action is property of the estate unless otherwise exemptable.

The objection of the trustee is sustained.

IT IS SO ORDERED.