# CIRCUIT COURT OF THE CITY OF RICHMOND

Jonathan B. Orne, Adm'r
of the Estate of Margie M. DeAngelis,
Deceased

v.

John F. Kendrick

### Case No. LH 41

Jonathan B. Orne, Adm'r
of the Estate of Margie M. DeAngelis,
Deceased

v.

John F. Kendrick

### Case No. LH 454

### June 29, 1984

By JUDGE MARVIN F. COLE

Jonathan B. Orne, Administrator of the Estate of Margie M. DeAngelis, deceased, on December 22, 1983, filed a suit against Dr. John F. Kendrick, alleging negligence in providing medical care to Margie M. DeAngelis. Attached to the motion for judgment is a certificate indicating that Orne qualified as administrator of the estate of Margie M. DeAngelis on December 22, 1983, but there is no allegation in the motion for judgment indicating the date of death or cause of death. The motion for judgment alleges that the plaintiff incurred a long course of treatment as a result of such negligence, incurred medical expenses, suffered greatly in body and mind,

and asked for judgment in the amount of $750,000 for compensatory damages.

On February 22, 1984, Jonathan B. Orne, administrator of the estate of Margie M. DeAngelis, filed a second suit in the Clerk's Office of this court, alleging that the defendant performed surgery upon Margie M. DeAngelis on or about February 25, 1982, and was examined by the defendant at numerous times thereafter. The motion for judgment further alleged that the defendant failed to accurately diagnose her case in that she had cancer, and subsequently died as a result of the defendant's failure to diagnose the same. This suit was brought under Section 8.01-50 of the Code asking for damages for the beneficiaries as set forth in the Code. The plaintiff has further asked for compensatory damages in the amount of $1,000,000 and punitive damages in the amount of $500,000.00.

The defendant has filed a motion to reduce the ad damnum clause to $750,000 in the second suit; and in the first suit the defendant has filed a motion to dismiss the first suit on the grounds that under Section 8.01-56 of the Code, the suit cannot be maintained. The case is before the court at this time upon this motion to dismiss the first suit.

While there is no Virginia case law directly on point with regard to wrongful death vis-a-vis the survival of a cause of action, the statutes are so mutually exclusive as to make the case law distinguishing the same unnecessary. As held by the United States Court of Appeals for the District of Columbia in *Semler v. Psychiatric Institute of Washington, D.C.*, 575 F.2d 922, 925 (D.C. Cir. 1978), "it is clear under Virginia law that this statutory provision [8.01-50, Code of Virginia, 1950, as amended] is intended to be the exclusive basis of recovery for wrongful death and it exists in lieu of an action based on the survival of the deceased's original claim." In *Wilson v. Whitaker*, 207 Va. 1032 (1967), the Supreme Court of Virginia described the nature of the single and exclusive right of action in wrongful death as follows:

> When a person is injured by the wrongful act of another and dies, the cause of action in suit by his personal representative for death by wrongful act remains the same as that for

> his personal injuries. But the right of action for personal injuries does not survive the decedent. A new right of action is given decedent's personal representative only through the grace of legislative enactment.

Any alleged personal injuries suffered by the decedent have, as a direct result of her death, been encompassed by the sole means of recovery now permitted, that being pursuant to the Death by Wrongful Act statute. Section 8.01-25, which deals with the survival of causes of action in Virginia, specifically states as follows:

> Every cause of action whether legal or equitable which is cognizable in the Commonwealth of Virginia, shall survive either the death of the person against whom the cause action is or may be asserted, or the death of the person in whose favor the cause of action existed or the death of both such persons. Provided that in such an action punitive damages shall not be awarded after the death of the party liable for the injury. Provided, further that if the cause of action asserted by the decedent in his lifetime was for a personal injury and such decedent dies as a result of the injury complained of or the timely action for damages arising from such injury pending, the action shall be amended in accordance with the provisions of § 8.01-56.

The plaintiff in the instant situation is attempting to reap the benefits of a double recovery; one pursuant to § 8.01-25 regarding the survival of cause of action and one under § 8.01-50 regarding recovery under the Wrongful Death Act. In *Semler* the court held that it is the policy and purpose of Virginia under this action not to allow two actions in favor of the personal representative, one representing the estate and the other the beneficiaries, against the same defendant for the same wrong. Although Virginia does have a general survival statute, it is inapplicable to wrongful death claims and accordingly does not provide an additional basis of recovery for wrongful death. See *Grady v. Irvine*, 254 F.2d 224 (4th Cir. 1958). Furthermore, the availability

of the wrongful death remedy in Virginia is predicated upon the non-availability of the survival remedy.

Counsel for the plaintiff states that he can proceed with both causes of action under Section 8.01-281 of the Code and under Rule 1:4(k) which expressly permits any party to plead inconsistently and in the alternative. This is not the issue in this case. The plaintiff has only one cause of action and that is under Section 8.01-50 of the Code. He has no other options and cannot plead any other alternative. There can be no recovery in these cases for mental anguish, and pain or suffering of the decedent. Therefore, there is no point in going into that phase of the case during discovery, since no recovery can be had based upon them.

Therefore, I will sustain the motion to dismiss the first suit filed in this case by the defendant, and the plaintiff will have to proceed under the second suit filed in accordance with Section 8.01-50 of the Code.