**Evelyn H. COLLIER, Executor of the Estate of Vinces G. Collier, Deceased, Plaintiff,**

v.

**RAYMARK INDUSTRIES, INC., et al., Defendants.**

**Civ. A. No. 89–744–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 20, 1989.

Richard S. Glasser, Ronald F. Schmidt, H. Seward Lawlor, Glasser and Glasser, Norfolk, Va., Robert R. Hatten, Donald N. Patten, Patten, Wornom & Watkins, Newport News, Va., for plaintiff.

Carter T. Gunn, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Owens–Illinois, Pittsburgh–Corning, and Fibreboard.

## ORDER

CLARKE, District Judge.

This litigation began when a Motion for Judgment was filed in the Circuit Court for the City of Portsmouth, Virginia on October 12, 1988. The action was removed to this Court on November 1, 1989, more than one year after the original filing in the State Court. There were fourteen defendants named at the outset. The plaintiff and one defendant were citizens of Virginia and thus diversity did not then exist.

At some date, not clear from the file, the Virginia defendant settled with the plaintiff. All other defendants, except Owens–Illinois and Fibreboard Corporation, have also settled with the plaintiff.

The remaining defendant Owens–Illinois removed the case to this Court, and Fibreboard has indicated that it joins in the request to remove.

The plaintiff contests the defendants' right to remove and requests that this Court remand this case to the State Court. Plaintiff contends that a removal more than one year after the action was brought in State Court is not permitted under 28 U.S.C. § 1446(b).

Defendants contend that Section 1446(b) was amended November 19, 1988 to include the prohibition against removal after a case was in state court for more than a year and urges that this Court not apply the provisions of the statute retroactively. The Commentary on the 1988 Revision authored by David D. Siegel (see Commentary following 28 U.S.C. § 1441 and 1446) states, "The presumption therefore is that the amendment took effect on November 19, 1988, when the President signed the Act." Further Professor Siegel states, "If any difficulty arises about applying the removal amendments in pending cases, the Court should deem itself empowered to make whatever determination about retroactivity seems fair and equitable." On the basis of the Commentary, it is clear to the Court that this case should remain in the State Court. Obviously, the discovery or other actions taken and accomplished while the litigation was in that Court brought about settlement with twelve of the fourteen defendants. To change the forum now, when so much has already been accomplished in the State Court, would clearly be counterproductive.

The defendants also rely on *Grady v. Irvine*, 254 F.2d 224 (4th Cir.1958), *cert. denied*, 358 U.S. 819, 79 S.Ct. 30, 3 L.Ed.2d 60 (1958) on the basis that the death of the plaintiff and the substitution of a personal representative as plaintiff and the conversion of the cause of action from a personal injury to that of a Death by Wrongful Act claim makes it a new right of action. The defendants argue that the new right of action was removed within a year. The Court deems *Grady* inapplicable. In that case, the district court was attempting to determine the citizenship to be applied to the plaintiff, that is, whether the citizenship of the deceased or the citizenship of the personal representative (administrator appointed to be plaintiff) should be considered in determining diversity.

The Court would first note that *Grady* has lost considerable of its luster because its holding has been overruled by the 1988 Amendments to 28 U.S.C. § 1332(c)(2) which now provides that the citizenship of the legal representative of the estate of a decedent shall be deemed to be the same as that of the decedent. Additionally, Grady was concerned with citizenship for diversity purposes not for the application of periods of limitations. No one would seriously argue that where an injured person dies between the filing of the action and its disposition and a personal representative is substituted for the deceased plaintiff and the action is amended to become a Death by Wrongful Act claim that such action

would be barred by the statute of Limitations if the death and the amendments occurred after the statutory period for bringing the action had expired.

It is also significant that *Grady* contains the following language at page 227: "Unlike the courts of many other states, the Supreme Court of Virginia construes its wrongful death statute as creating no new 'cause of action' but a 'right of action' where no right before existed."

For the reasons stated, the Court follows Judge Smalkin's holding in *United States v. Wright,* 704 F.Supp. 613 (D.Md.1989).

This action is REMANDED to the Circuit Court of the City of Portsmouth, Virginia.

IT IS SO ORDERED.