In re Eglenna F. **CASSELL,** Debtor.

Evelyn K. **KRIPPENDORF, Trustee in Bankruptcy, Movant,**

v.

Eglenna F. **CASSELL, Respondent.**

**Bankruptcy No. 92–00172.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Feb. 4, 1993.

Evelyn K. Krippendorf, Roanoke, VA, trustee.

Dennis P. Brumberg, Roanoke, VA, for debtor.

## DECISION & ORDER

ROSS W. KRUMM, Bankruptcy Judge.

### Facts

The debtor, Eglenna F. Cassell, filed a Chapter 7 bankruptcy petition on January 28, 1992. In Schedule C of her bankruptcy schedules, the debtor claimed as exempt annual payments from a structured wrongful death settlement agreement dated September 13, 1990, resulting from the death of her husband. The statutory basis for the exemption was Va.Code § 34–28.1. The settlement agreement provided, among other things, that the debtor was to receive monthly payments of $1000.00 and a lump sum payment of $20,000.00 on September 1, 1992. The Trustee filed a timely objection to the Debtor's Claim of Exemptions alleging that wrongful death benefits are not exempt under Va.Code § 34–28.1.

A hearing on the Trustee's Objection was scheduled for May 12, 1992, but was continued to August 26, 1992 so that the testimony of Professor Joseph E. Ulrich regarding the legislative intent of Va.Code § 34–28.1 could be obtained. (Prior to its amendment, Professor Ulrich served on a commission which studied the exemptions contained in Title 34 of the Code of Virginia and made recommendations to the Virginia legislature for changes to Title 34.) Also, counsel for the debtor requested an opportunity to conduct further discovery in view of Professor Ulrich's anticipated testimony. Thus, the Court treated the August 26 hearing as a pre-trial conference, a pre-trial order was entered, and trial was set for November 24, 1992.

Subsequently, the Trustee learned that Professor Ulrich would be unavailable to testify on November 24, 1992, and upon joint motion of counsel, this Court allowed the parties to file supplemental authority and to submit the case on brief. The Trustee and Counsel for the Debtor presented oral arguments to the Court on November 24, 1992, in lieu of the scheduled evidentiary hearing.

### Issue

The issue before this court is whether the proceeds of a wrongful death settlement agreement are exempt from creditor process pursuant to Va.Code § 34–28.1. This Court has considered the oral arguments of counsel and all written legal authority submitted by the parties.

### Discussion

In 1990, the Virginia Legislature enacted Va.Code § 34–28.1 (1950 as amended), which provides in part that "all causes of action for **personal injury** and the proceeds derived from court award or settlement shall be exempt from creditor process against the injured person." (Emphasis added.)

Debtor's argument is that the words "personal injury" in section 34–28.1 encompass proceeds from a wrongful death. This argument is grounded in the theory that under Virginia law wrongful death is a type of personal injury.

The Trustee's position is that the plain wording of the statute does not include wrongful death proceeds and that, given case law existing at the time of amendment, had the legislature intended to include wrongful death causes of action within section 34–28.1, it would have drafted the language of the statute accordingly.

For the reasons stated below, this Court holds that the Virginia Legislature did not intend to include wrongful death causes of action within the meaning of "personal injury" for purposes of Va.Code § 34–28.1 and that wrongful death proceeds are not exempt under that statute from creditor process.

Prior to enactment of section 34–28.1, two bankruptcy cases decided in Virginia ruled on exemption claims by debtors for personal injury and wrongful death. *In re Tidwell*, 19 B.R. 846 (Bankr.E.D.Va.1982), addressed the issue of the exempt status of a wrongful death action in bankruptcy. The Bankruptcy Court held that wrongful death actions and the proceeds therefrom are property of the bankruptcy estate and subject to the claims of creditors. *Id.* at 847.

*In re Tignor*, 21 B.R. 219 (Bankr.E.D.Va. 1982), *aff'd in part and vacated in part* in *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir., 1984) was decided two months after the *Tidwell* decision and addressed the issue of exemption of personal injury causes of action. In *Tignor*, the debtor filed a bankruptcy petition which listed as an asset a pending suit against his employer for a personal injury claim. After the suit was settled, the debtor was allowed to amend his schedules to exempt the proceeds. Subsequently, the trustee objected to the amended schedule of exemptions. In holding that personal injury claims are exempt from creditor process under Virginia common law, the Bankruptcy Court reasoned:

> Debtors ought to be allowed to retain sole title to causes of action for personal injuries because those injuries may diminish a debtor's future earning power. Because of the fresh start policy of bankruptcy, it would be unfair and inconsistent to give creditors a bonanza on account of the debtor's injuries.

*In re Tignor* at 222. The Bankruptcy Court then distinguished the *Tignor* case from *Tidwell*, and stated that the debtor's right to wrongful death proceeds is a property right that is assignable, is subject to creditor process and is not exempt from the debtor's estate. *Id.* at 223.

On appeal, the Fourth Circuit Court of Appeals vacated the Bankruptcy Court's ruling and held that a personal injury exemption could not be based on a common law exemption. *See Tignor v. Parkinson*, at 982. The court stated that although exemption statutes are to be construed liberally in Virginia,[1] this "does not authorize the Courts to reduce or enlarge the exemption, or to read into the exemption laws an exemption not found there." *Tignor v. Parkinson* at 981, citing *Goldburg Co. v. Salyer*, 188 Va. 573, 582, 50 S.E.2d 272, 277 (1948).

It was in the historical context of these two cases that the Virginia Legislature addressed and amended the statutory exemptions in 1990. The *Report of the Subcommittee Studying Virginia's Exemption Statutes to the Governor and the General Assembly of Virginia*, House Document Number 77 (May, 1990), hereinafter *"Subcommittee Report"*, cited *Tignor v. Parkinson, supra,* and recommended that "an exemption of personal injury causes of action and the resulting awards and settlements be codified." *Subcommittee Report* at page 11. In support of the recommendation the report stated:

> The joint subcommittee decided that the Commonwealth's policy on this issue should reflect the intent of § 8.01–26 (prohibiting the assignment of personal rights of action) and the premise of personal injury awards which is to return the injured party to his pre-injury status. Under current law, the members offered, a creditor may have a right to the personal injury award compensating a debtor for the loss of his hand even where the creditor had no right to levy on the hand. The joint subcommittee's recommendation, therefore, establishes a statutory exemption for all causes of action for personal injury and the proceeds derived from any court award or settle-

---

**1.** See *Tignor v. Parkinson* at 981, citing *South Hill Production Credit Ass'n v. Hudson,* 174 Va. 284, 286–88, 6 S.E.2d 668, 669 (1940); *Atlantic Life Ins. Co. v. Ring,* 167 Va. 121, 126–28, 187 S.E. 449, 451–52 (1936).

ment. The policy of the Commonwealth of exempting disability payments, such as worker's compensation, would be extended to private actions through the adoption of this statute. This recommendation is also in keeping with existing exemptions of awards from the Criminal Injuries Compensation Fund and various federal rehabilitation and compensation funds. *Id.*

After the recommendation of the *Subcommittee Report,* the Virginia Legislature enacted Va.Code § 34–28.1. The legislature was aware of the *Tidwell* and *Tignor* decisions when it revised the exemption statutes, and in fact enacted Va.Code § 34–28.1 to reverse the effect of *Tignor* and grant to debtors exemption for personal injury actions.

Given the *Tidwell* decision, if the legislature had intended to include wrongful death causes of action and the proceeds therefrom in Va.Code § 34–28.1, it could have included specific language to that effect; but, it did not. Instead, the statute makes reference only to personal injury. "The plain meaning of legislation should be conclusive, except in those 'rare cases' [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). Since the language of the statute is clear and the legislative intent does not indicate a need to deviate from the literal application of the statute, this Court is not inclined to "enlarge the exemption, or to read into the exemption laws an exemption not found there." *See Tignor v. Parkinson* at 981, citing *Goldburg v. Salyer,* 188 Va. at 582, 50 S.E.2d at 277.

### Conclusion

For the reasons stated above, this court holds that the Virginia Legislature did not intend to include wrongful death causes of action within the meaning of Va.Code § 34–28.1 and that wrongful death causes of action and the proceeds therefrom are not exempt from creditor process under section 34–28.1. Accordingly, it is,

ORDERED:

That the Trustee's objection to the Debtor's claimed exemption is SUSTAINED.