Eglenna F. CASSELL, Appellant,

v.

Evelyn K. KRIPPENDORF,
Trustee, Appellee.

Civ. A. No. 93–0184–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 8, 1993.

As Corrected Oct. 8, 1993.

Margaret K. Garber, Lutins & Shapiro, Roanoke, VA, for Eglenna F. Cassell, appellant.

Christopher R. Rau, Krippendorf & Associates, Roanoke, VA, for Evelyn K. Krippendorf, Trustee, appellee.

## CORRECTED MEMORANDUM OPINION

WILSON, District Judge.

This is an appeal pursuant to 28 U.S.C. § 158 by the debtor, Eglenna Cassell, from a final decision of the United States Bankruptcy Court for the Western District of Virginia holding that proceeds from a wrongful death action are not exempt from the bankruptcy estate. 151 B.R. 78. The bankruptcy court concluded that Virginia code § 34–28.1, which exempts from creditor process "all causes of action for personal injury and the proceeds derived from court award or settlement," does not extend to proceeds from a wrongful death action. Va.Code Ann. § 34–28.1 (Supp. 1993). The court agrees and affirms the decision of the bankruptcy court.

### I.

On September 13, 1990, Cassell entered into a structured settlement with Great American Insurance Company. The settlement released Great American from liability for the wrongful death of Cassell's husband. The settlement entitled Cassell to lump sum payments on December 1 each year until year 2015 and to monthly payments until year 2010. On January 28, 1992 Cassell filed a Chapter 7 bankruptcy petition. Citing Virginia Code § 34–28.1, Cassell attempted to exempt from the bankruptcy estate the September 1, 1992 settlement payment of $20,000 as proceeds derived from settlement of a personal injury action. The trustee, Evelyn Krippendorf, objected to the exemption. The bankruptcy court, relying on the legislative history of § 34–28.1, concluded that wrongful death proceeds are not exempted. The bankruptcy court found that the legislature would have specifically mentioned wrongful death proceeds in § 34–28.1 if it intended to exempt them. This appeal followed.

## II.

■ Virginia has chosen to opt-out of the federal bankruptcy exemptions provided for in 11 U.S.C. § 522. *See e.g., Tignor v. Parkinson,* 729 F.2d 977 (4th Cir.1984); *Chesseman v. Nachman,* 656 F.2d 60 (4th Cir.1981). Accordingly, for debtors to qualify for an exemption, they must do so under the Virginia law. *See* Va.Code Ann. § 34–3.1 (Michie 1990). Virginia has specifically provided that proceeds from personal injury actions are exempt from creditor process. Va.Code Ann. § 34–28.1 (Supp. 1993). The question for this court is whether proceeds from a wrongful death action qualify as proceeds from a personal injury action. The court concludes that they do not.

The distinction between personal injury actions and wrongful death actions has repeatedly been addressed by the Virginia Supreme Court. In *Anderson v. Hygeia Hotel Co.,* 92 Va. 687, 24 S.E. 269 (1896), the court discussed the origins of the wrongful death statute in Virginia. In addressing the wrongful death action under the code the court stated:

> The language of the act clearly indicates that the legislature had in view the rule of the common law, and that its purpose in passing the act was to provide for the case of an injured person who had a good cause of action, but died from injuries without having recovered his damages. It intended to withdraw from the wrongdoer the immunity from civil liability which the rule of common law afforded him, and to provide for the recovery of such damages notwithstanding the death of the injured person. *In doing so, however, it plainly did not intend to continue or cause to survive his right of action for the injury, but to substitute for it, and confer upon his personal representative, a new and original right of action....* It is very clear that this new right of action, though founded upon a wrong already actionable by existing law in favor of an injured person, for his damages, was not intended to be, and is not, a derivative one.

*Anderson,* 24 S.E. at 271 (citations omitted) (emphasis added). Much later, in *Horn v. Abernathy,* 231 Va. 228, 343 S.E.2d 318 (1986), the court again addressed the distinction in construing a code provision tolling the statute of limitations for certain "personal actions." *Id.* 343 S.E.2d at 323. In determining whether "personal actions" encompass wrongful death actions the court stated: "the term 'personal action' is defined as any action 'wherein a judgment for money is sought, whether for damages to person or property.' ... In our view, however, it was never intended to apply to a right of action for death by wrongful act."[1] *Id.* *See also Rodgers v. Irvine,* 161 F.Supp. 784, 788 (W.D.Va.1957) ("an action for personal injury is an entirely different action from one for death by wrongful act."), *aff'd Grady v. Irvine,* 254 F.2d 224 (4th Cir.), *cert. denied,* 358 U.S. 819, 79 S.Ct. 30, 3 L.Ed.2d 60 (1958). In light of the distinctions made in Virginia's case law between personal injury actions and wrongful death actions, the lack of any reference to wrongful death proceeds in § 34–28.1 will be presumed intentional.

■ The legislative history of the statute underscores the conclusion that the legislature did not consider a wrongful death action to be a personal injury action. When interpreting state law, this court is bound to follow the interpretations of state law set forth by the highest court in the state. For cases of statutory construction, the Virginia Supreme Court requires the court to look to "the common law before the making of the Act; ... to the mischief and defect for which the common law did not provide; ... [to the] remedy resolved to cure the defect; and [t]he true reason for the remedy." *Board of Supervisors v. King Land Corp.,* 238 Va. 97, 380 S.E.2d 895, 897 (1989); *Bulala v. Boyd,* 239 Va. 218, 389 S.E.2d 670, 674 (1990).

Before *Tignor v. Parkinson,* the exemption for personal injury proceeds was

---

1. The court emphasized that a "wrongful death action is a *right of action* to enforce a *cause of action,* both created by statute in derogation of common law." *Horn,* 343 S.E.2d at 323 (citing *Wilson v. Whittaker,* 207 Va. 1032, 154 S.E.2d 124, 127) (emphasis in original).

thought to be grounded in Virginia common law. *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984). In *Tignor* the debtor sought to exempt from the bankruptcy estate the proceeds from a personal injury action against his employer. The bankruptcy court allowed the exemption, basing its decision on Virginia common law and the district court summarily affirmed.[2] *Tignor*, 729 F.2d at 978. The court of appeals disagreed, holding that common law was insufficient to create a bankruptcy exemption; rather, the court held that an exemption can only be created by statute. *Tignor*, 729 F.2d at 981. According to the court, no exemption for personal injury settlement proceeds from the bankruptcy estate existed absent a statutory exemption.[3] *Id.*

Section 34–28.1 was enacted to address *Tignor*'s requirement of a statutory exemption for proceeds from a personal injury action. *The Report of the Joint Subcommittee Studying Virginia's Exemption Statutes*, H.Doc. No. 77 (1990) ("Report"). However, the Report is silent on whether the legislature considered the distinction between personal injury actions and wrongful death actions or the possible inclusion of wrongful death proceeds in the exemption. *Report, supra*, at 11.[4] As previously stated, based on Virginia's case law distinguishing personal injury actions from wrongful death actions, this court presumes that the omission of any reference to wrongful death proceeds was intentional.

### III.

Virginia has a long history of distinguishing personal injury actions from wrongful death actions as evidenced by

*Anderson* and *Horn*. This court concludes that the legislature was aware of that clear distinction when it enacted § 34–28.1. Accordingly, the court finds that proceeds from a wrongful death action are not included in the § 34–28.1 exemption for proceeds from personal injury actions. The decision of the bankruptcy court will be affirmed.

### FINAL ORDER

In accordance with the Court's Memorandum Opinion entered on this date, it is **ORDERED** and **ADJUDGED** that the decision of the Bankruptcy Court be and the same, hereby, is **AFFIRMED**, and the appeal is **ORDERED** stricken from the docket of the court.

---

2. In making its determination, the bankruptcy court distinguished the earlier case of *In re Tidwell*, 19 B.R. 846 (Bankr.E.D.Va.1982), that disallowed an exemption for wrongful death actions. The *Tignor* court determined that a wrongful death action, or its proceeds, is an assignable property right whereas a personal injury action is a non-assignable, personal right. *In re Tignor*, 21 B.R. 219, 223 (Bankr.E.D.Va. 1982).

3. In reversing the district court, the court of appeals made no mention of *Tidwell* or the

Bankruptcy Court's distinction of wrongful death actions.

4. In discussing both the subcommittee's intent and the common law before § 34–28.1 was passed, the Report does not define "personal injury," however it does focus on the purpose of a personal injury award: to return the injured person to his or her pre-injured status. *Report, supra*, at 11. In comparison, the legislature enacted wrongful death statutes to provide compensation to a personal representative for injuries to another. *Anderson*, 24 S.E. at 271.