**In re Michael and Robin LOTT, Debtors.**

No. 03–33920.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Oct. 14, 2005.

*Opinion Regarding Trustee's Motion to Reopen Estate*

WALTER SHAPERO, Bankruptcy Judge.

This matter came before the Court on Trustee's "Motion for Entry of an Order Reopening Debtors' Chapter 7 Case." The Debtor's case has been reopened, and what is before the Court for decision now is whether the Debtor's interest in the proceeds of the action for the wrongful death of her mother are property of the estate. For the reasons stated in this opinion, the Court finds that they are.

### I. Facts

Robin Lott ("Debtor") and her husband, Michael Lott, filed a voluntary joint chapter 7 bankruptcy petition on October 3, 2003. The Trustee filed a report of no distribution on December 1, 2003 and the case was closed on January 27, 2004.

In August or September of 2004, the Trustee was informed that Robin Lott might be the beneficiary of a wrongful death action arising out of the pre-filing death of Robin Lott's mother, Roberta Joan Norbury. Wayne Norbury, Robin Lott's step-father and personal representative of the estate of Roberta Joan Norbury had, on or about October 9, 2003, brought the wrongful death action in the Clare County Circuit Court, and upon recovery of damages, filed a motion for authority to distribute the proceeds on August 5, 2004. Robin Lott's share of the proceeds was $48,100.49.

The Trustee filed a motion to reopen the case to distribute the proceeds of the wrongful death action on October 18, 2004. A hearing was held on November 3, 2004. The Court entered an order that same day re-opening the case.

## II. Analysis

■ The Trustee avers that the Debtor's interest in the wrongful death action proceeds are property of the estate because that interest, and the cause of action arising therefrom, arose on the pre-petition date of death.

The Debtor asserts that she did not have a pre-petition right to the proceeds, because under the plain language of the statute, she did not have a cause of action since she could not have brought the suit herself. Furthermore, she asserts, when the suit was filed, she was not a party to the suit, and did not even have knowledge of it until well after her bankruptcy filing, and therefore, she argues, the proceeds are not property of the estate.[1]

■ First, the wrongful death statute specifically limits those people who may be entitled to damages. This limited group includes the deceased's children and devisees under the deceased's will. M.C.L. 600.2922(3). While it is possible that the Debtor falls into the latter category, the record is not clear on that fact. However, it is certain that she falls into the former category, i.e., the statute clearly contemplates that Debtor would recover under such an action. Therefore, Debtor had, at a minimum, a pre-petition contingent right to the proceeds of a wrongful death action brought by her mother's estate. The Bankruptcy Code creates a bankruptcy estate, which "is comprised of all the following property, wherever located and by whomever held: ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This section has been construed very broadly, and includes "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative ...." *In re Stinson,* 221 B.R. 726, 729 (Bankr.E.D.Mich.1998) (citations omitted).

Second, the Michigan statute governing wrongful death actions provides that a wrongful death action may only "be brought by, and in the name of, the personal representative of the estate of the deceased person." M.C.L. 600.2922(2). Debtor's step-father, Wayne Norbury was the personal representative, and therefore, the only person able to bring a wrongful death action under the statute. However, the district court for the Eastern District

---

1. Exactly when the Debtor found out about the case is irrelevant to determining when the interest arose. However, it seems that she at least *should* have known about it by the date of the § 341 meeting. The wrongful death statute requires notice to all people entitled to recover, *i.e.* the Debtor, within thirty days of the commencement of such an action. M.C.L. 600.2922(2). Since the wrongful death action was filed on October 9, 2003, Debtor presumably had notice of the action by November 8, 2003, at the latest. The § 341 meeting did not conclude until November 20, 2003.

of Michigan has held that an interest in wrongful death proceeds is property of the estate, even when the Debtor is not the deceased's estate administrator. *In re Burnstine*, 131 F. 828 (E.D.Mich.1903).[2] The *Burnstine* court addressed the same issue now before this Court; specifically, whether a claim for the wrongful death of another is property of the estate. *Burnstine*, 131 F. 828, 830. In *Burnstine*, the Debtor had a wrongful death action against a railroad company for the death of his son. Although the Michigan wrongful death statute has since been amended, then, as now, a wrongful death action could only be brought by the executor of the deceased's estate. *Id.* In *Burnstine*, the debtor, pre-petition, made his wife the executor of his son's estate, and transferred his interest in the wrongful death action to his wife (the decedent's step-mother) in consideration for her paying the funeral expenses, including the cost of the tombstone. When determining whether the claim was property of the estate, the *Burnstine* court stated, "The administrator of the deceased bringing [a wrongful death] action is merely a conduit or channel designated by the statute to convey to the persons entitled to the damages recovered.... The administrator, therefore, is merely the trustee of the next of kin—the real parties in interest." *Id.*, at 831. The court concluded "that the bankrupt's interest in this claim is property, ... and should have been scheduled by the bankrupt as part of his estate." *Id.*, at 832. This Court agrees with, and will follow that reasoning, as the relevant facts in this case are not distinguishable from those in *Burnstine*.

**2.** This decision was made while earlier versions of both the Bankruptcy Code and the Michigan wrongful death statute were in effect, however, the relevant portions of both

### III. Conclusion

This Court therefore finds that the Debtor's interest in the proceeds of her mother's wrongful death action is property of the estate. An order to that effect is being contemporaneously entered.

are substantially the same. Furthermore, the analysis has been cited with approval in more recent cases. *See, e.g., In re Tidwell*, 19 B.R. 846 (Bankr.E.D.Va.1982).